## DEBBS CRAWFORD V. THE STATE.

No. 23168. Delivered October 24, 1945.

The opinion states the case.

*Nelson, Brown & McCleskey,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The sole question presented by the record is:

Did probable cause exist authorizing the highway patrolmen to search, without warrant, appellant's automobile?

The facts relied upon are:

About six weeks prior to the search, the chief enforcement officer of the OPA Fort Worth District reported to State highway patrolmen Oder and Nail that a 1940-model black Ford sedan, bearing License No. F-96954, was being used to transport stolen gasoline coupons in various parts of the State; that the automobile was usually occupied by three or four men, one of which was L. A. Crawford—of whom he gave a description; and that the occupants of the automobile would more than likely be armed.

The same day of the search (May 4, 1944) the patrolmen mentioned stopped the above described automobile on a public highway near the city limits of Abilene, Texas. Appellant was

the driver thereof and L. A. Crawford (brother of appellant) and E. D. Brookshire were occupants. Lying on the floor of the car in front of the back seat was a magazine clip to an automatic pistol filled with cartridges. In the glove compartment of the car was found a pistol to which the magazine clip belonged. All occupants of the automobile were placed under arrest and carried to the police station at Abilene. A search of the car without warrant was then made and there was found secreted therein a large quantity of gasoline stamps which had two days prior been taken in the burglary of the house of a wholesale gasoline distributor at Levelland in Hockley County.

It is for burglary that appellant has been convicted and his punishment assessed at two years in the penitentiary.

Upon trial of the case, E. D. Brookshire, one of the occupants of the car who was under indictment for the same burglary and therefore an accomplice witness as a matter of law, testified for the State and, by his testimony, made a complete case showing appellant's guilty participation in the burglary. The gasoline coupons found as a result of the search furnished the corroborating circumstances relied upon by the State. Other than this testimony, there is no corroboration of the accomplice.

At the time of the arrest and search of the automobile the highway patrolmen were not aware of the fact that the burglary above mentioned had occurred or that appellant was suspected of having been a guilty participant therein. The authority to search the automobile and the resultant use in evidence of the fruits of the search depend upon the information the highway patrolmen had received from the OPA enforcement officer.

Probable cause, as the basis of a search by peace officers of an automobile upon a public highway without a search warrant, is largely a question of fact. It is a "reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Landa v. Obert, 45 Tex. 539; Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762. Also, as was said by the Supreme Court of the United States in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543; 39 A. L. R. 790:

"On reason and authority the true rule is that if the search and seizure without warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known

to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

Probable cause cannot rest upon suspicion alone.

Reduced to its final analysis, the information given to the patrolmen six weeks before the search amounted only to a general statement that the automobile was being used in transporting stolen property generally over the State. No specific instance, crime, or condition was referred to. The burglary at Levelland, not having occurred until six weeks thereafter, could not have been contemplated. In a broad sense, then, the information given to the patrolmen amounted only to a statement that the automobile was being used generally to transport stolen property.

The conclusion is apparent that such information did not constitute probable cause authorizing the search of the automobile. This conclusion is in keeping with the opinion expressed in Nowlin v. State, 68 S. W. (2d) 496, and authorities there cited.

The search of the automobile being unauthorized, the evidence obtained as a result of that search was not admissible.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.