IGNACIO M. ARREDONDO V. STATE.

No. 30,641. May 13, 1959.

*Abe San Miguel* and *Ralph L. Bell,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Preston H. Dial, Jr., Roy H. Garwood, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of marijuana; the punishment, 20 years.

Narcotics officers Bernal and Kral of the San Antonio police testified that before dawn on the morning, in question they secreted themselves in an abandoned house near the appellant's home and waited; that the appellant came out and searched in the area, at the same time telling his wife who had joined him that the night before he had hidden a package containing loose white powder but was now unable to find it. According to

their testimony, the appellant was later joined by Musquiz, who asked the appellant if he had any "chiva," and the appellant replied that he had had some but could not find it that morning, however, he could get him some other "stuff"; that the appellant left and returned with a brown package from which he poured a greenish looking vegetable substance into a piece of tin foil which Musquiz was holding, at which moment they rushed the parties, recovered the brown package from the appellant's hand, a five dollar bill from Musquiz's hand, and the piece of tin foil containing the greenish substance from where Musquiz had thrown it as they approached.

The contents of the package were shown to have been marijuana.

Appellant, testifying in his own behalf, admitted the possession of the marijuana but exonerated Musquiz from any connection therewith.

We find the evidence sufficient to sustain the conviction and shall discuss the contentions advanced in the brief.

Upon the state's objection, the officers were not required to name the person who had furnished them information concerning narcotic traffic in the area of appellant's home and which had caused them to secrete themselves at that place on the day in question. This is assigned as error. Clearly the court was correct in his ruling. Bridges v. State, 166 Texas Cr. Rep. 556, 316 S.W. 2d 757, Fance v. State, 167 Texas Cr. Rep. 32, 318 S.W. 2d 72, and the cases there cited. Attention also should be directed to the fact that the officers did not arrest and search the appellant because of what they had learned from their informant. Such information was responsible only for their being where they were able to see a felony being committed which itself authorized the arrest.

Appellant next contends that the arrest of the appellant was illegal because the officers had received their information from their informant two or three months prior to the arrest, and rely upon Crawford v. State, 158 Texas Cr. Rep. 563, 189 S.W. 2d 871. We again call attention to the fact that the information which they had received was only the cause for the officers being where they were and was not the cause of the arrest.

Appellant's last contention that the punishment section of the Narcotic Drug Act is unconstitutional is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.