**Raymond Benjie MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36102.

Court of Criminal Appeals of Texas.

Nov. 6, 1963.

Rehearing Denied Dec. 18, 1963.

Charles E. Benson, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Roy B. Johnson and William M. LauBach, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is unlawful possession of marihuana; the punishment, 25 years.

Two officers testified that they saw the appellant drop a paper cup. In it was a

partially smoked cigarette. The state introduced evidence showing that the contents of the cigarette was marihuana, a narcotic drug.

On cross-examination of one of the officers, testimony was elicited to the effect that the appellant said he got the cigarette from another boy and that he was going to "show where a big stash was."

The marihuana cigarette was offered in evidence.

All of the evidence stated was introduced without objection.

The appellant testifying in his own behalf denied having dropped the cup; denied that he had marihuana and denied that he made the statement attributed to him by the state's witness. He testified that he had been convicted for felony theft and was released from the penitentiary on May 23, 1962. The court, in his charge, limited this evidence to impeachment purposes.

There were no objections to the court's charge and no requested charges.

Appellant attacks that portion of the charge which instructed the jury as to the punishment provided for the unlawful possession of Marihuana, first offense, contending that the same constitutes fundamental error and that, in light of the punishment assessed, he was deprived of due process of law and a fair trial.

We are unable to agree with appellant's contention that the court's charge authorized the jury to assess a different or a heavier punishment than that authorized by the statute.

The court instructed the jury that the punishment provided by statute was "by confinement in the state penitentiary *for life or any term of years not less than two,*" whereas the statute, Art. 725b, Sec. 23(1) Vernon's Ann.P.C., reads in this regard: "by confinement in the State penitentiary *for not less than two (2) years nor more than life.*"

The punishment assessed by the jury was one allowed by the statute and by the court's charge. We are aware of no possible punishment which could have been assessed under the court's charge that could not have been lawfully assessed had the court used the exact words of the statute in instructing the jury regarding the punishment to be assessed.

Appellant's complaint based upon the placement of the maximum punishment of "life" first instead of last, thus reversing the order found in the statute, is not ground for reversal. It was not essential that the language of the statute be quoted. Mangan v. State, 168 Tex.Cr.R. 265, 324 S.W.2d 849.

Appellant's remaining contention is that insofar as it relates to punishment for possession alone of a narcotic drug the statute is unconstitutional as providing cruel and unusual punishment within the terms of the 8th and 14th Amendments of the Constitution of the United States. Arredondo v. State, 168 Tex.Cr.R. 110, 324 S.W.2d 217, is authority for upholding the statute.

Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758, cited by appellant, dealt with addiction to the use of narcotics as a crime. We followed Robinson v. California and held that part of Art. 725c Vernon's Ann.P.C. which attempted to make it a crime to be an addict unconstitutional. See Ex parte Rogers, Tex.Cr. App., 366 S.W.2d 559; Salas v. State, Tex. Cr.App., 365 S.W.2d 174.

The cases cited furnish no authority for striking down the statute which provides life as the maximum punishment for the unlawful possession of a narcotic drug.

Court appointed counsel is to be commended for his diligent efforts in behalf of his client.

The judgment is affirmed.