**Steven V. SCOTT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21016.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 12, 1968.

Decided April 29, 1968.

Petition for Rehearing En Banc
Denied June 18, 1968.

Mr. Ira M. Lowe, Washington, D. C., for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Lawrence E. Shinnick, Asst. U. S. Atty., were on the brief, for appellee. Mr. Arthur L. Burnett, Asst. U. S. Atty., also entered an appearance for appellee.

Mr. Charles W. Petty, Jr. (appointed by this court as amicus curiae) Washington, D. C., filed a brief as amicus curiae.

Before EDGERTON, Senior Circuit Judge, and DANAHER and McGOWAN, Circuit Judges.

PER CURIAM:

Appellant, arrested when found helplessly drunk in a public place, was found by the arresting officer to have a quantity of fertile marijuana seeds in his possession. He was charged under 33 D.C.Code § 402, which makes it unlawful "for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug * * *." When his case came on for trial in General Sessions, a preliminary motion was made to dismiss the charge on the ground that marijuana is not a narcotic drug. The evidence adduced in support of this motion was a simple and unexpanded nega-

tive answer by the Government chemist to a question as to whether marijuana is a narcotic drug.[1] The judge denied the motion after referring to the definitions contained in 33 D.C.Code § 401(m) and (n), which clearly state that fertile marijuana seeds are to be deemed narcotic drugs within the meaning of Section 402. At the ensuing trial to a jury, appellant renewed this point in a motion for a directed verdict after the presentation of the Government's case. When this motion was denied, appellant's evidence was confined to his own testimony which merely recounted the circumstances of his acquisition of the seeds. Upon a verdict of guilty, sentence of probation for one year was imposed.

This court having allowed an appeal from the order of the District of Columbia Court of Appeals, appellant urges that a statute which treats marijuana as a narcotic drug is in contravention of due process of law. *Amicus curiae,* appointed by this court, has filed a comprehensive brief which advances new and different grounds of reversal. These are essentially that, since First Amendment rights of privacy allegedly afford a right to the personal use of marijuana, a regulatory statute imposing penal sanctions for possession or use is too broad in its reach to be compatible with due process; and further that, because of asserted analogies between marijuana and alcohol, it is a denial of equal protection to outlaw possession of the one and not the other.

Because of the exiguous record made in the trial court,[2] these claims of necessity must find their support in assertions in brief rather than record references. This is a very slender basis indeed for declaring an Act of Congress unconstitu-

tional on its face, which is the relief sought. There are perhaps many searching questions to be asked about the structure and foundations of existing narcotics laws, but, if they are to be answered by judicial invalidation rather than by legislative reexamination, it could only be upon the basis of information assembled and tested within the framework of the judicial process. Without it, the deference in terms of assumptions of rationality which traditionally extend to Congressional enactments must prevail.

Affirmed.

---

1. During his cross-examination at the trial itself, the witness made clear that his characterization reflected chemical, and not legal, terminology. When asked then whether he identified marijuana as a narcotic drug, he answered that he identified it as marijuana.

2. At the time this appeal was argued, the record before us consisted only of an "Agreed Statement of Proceedings and Evidence" about two pages in length. As a result of inquiries in the course of oral argument, the Government supplied the court after argument with a transcript of the proceedings in the trial court. It did not add significantly to the "Agreed Statement."