Jettie MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43085.

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Rehearing Denied Oct. 28, 1970.

Frances T. Freeman Jalet, Houston (On Appeal Only), for appellant.

Carol Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is possession of marihuana; the punishment, ten years.

Officer B. L. Alcorn testified he received information from a reliable informant who had given correct information in the past to the effect that Gary Ross had marihuana at his apartment at 2216 MacGregor Way in the city of Houston. Alcorn and Officer Stringfellow then set up a surveillance at this address on four different days and observed known users of marihuana enter and leave such address, staying only five or six minutes. During this surveillance the officers saw Gary Ross with the appellant, his half-brother, at this address. The appellant Miller was known to the officers as a user of marihuana.

On June 1, 1967, the officers secured a search warrant for the apartment in question. That night around 10:30 p. m. as Alcorn and Stringfellow and Officer Halm arrived on the scene they observed the appellant leave the apartment building, cross the street and open the door of a parked automobile. At this point the officers approached the appellant to inquire if his brother, Gary Ross, was in the apartment. The appellant became extremely nervous and the officers observed him drop or pitch a penny matchbox onto the floorboard of the automobile which he had not yet entered. Officer Stringfellow retrieved the matchbox and upon opening it he and Alcorn saw a greenish plant substance which in their opinion, based on their experience, was marihuana. A proper chain of custody was established and a chemist testified that his analysis revealed

that the substance was 3½ grams of marihuana which would make 17 or 18 marihuana cigarettes.

From the witness stand the appellant told an entirely different story. He related that on the date in question one Freddie Lewis drove him to his brother's apartment and left him there; that Officer Stringfellow answered the door and forced him at gunpoint to enter the apartment where he stayed until his brother's arrival; that a search of his brother's car revealed 29 bags and 10 or 15 matchboxes of marihuana and after the marihuana was brought into the apartment Officer Stringfellow said, "Let's give little brother one." The appellant denied having possessed marihuana on the occasion in question though he admitted he had used some when he was a teenager.

In grounds of error #1 and #4 appellant complains of the admission into evidence of the marihuana, contending that it was found as a result of a warrantless search not incident to an arrest.

■ If the appellant had dropped or pitched the matchbox a few inches from where he did and onto the ground or public street the marihuana would clearly not have been obtained as a result of a search. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Nava v. State, 170 Tex.Cr.R. 355, 340 S.W.2d 955; Mendez v. State, Tex.Cr.App., 362 S.W.2d 841; Garcia v. State, 163 Tex.Cr.R. 146, 289 S.W.2d 766; Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747; Ortega v. State, Tex.Cr.App., 414 S.W.2d 465; Jimenez v. State, Tex.Cr.App., 421 S.W.2d 910; Dansby v. State, Tex.Cr.App., 450 S.W.2d 338; Licerio v. State, Tex.Cr.App., 456 S.W.2d 96; 51 Tex.Jur.2d, Searches and Seizures, Sec. 29, pp. 673, 674.

■ We need not pass upon the question of whether appellant's action in dropping the matchbox to the floorboard of the car (which the officers testified the appellant claimed that night was his) calls for a

different result. Cf. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688; Hobson v. United States, 226 F.2d 890 (8th Cir.); Work v. United States, 100 U.S.App.D.C. 237, 243 F.2d 660.[1] The officers' prior knowledge of the appellant as a marihuana user, their recent observations, his nervousness, and his furtive movement in the dark in dropping the matchbox (a receptacle commonly utilized by marihuana users) in the officers' presence was adequate probable cause for the officers to believe a felony was being committed within their presence and the arrest without a warrant was thus authorized under the provisions of Article 14.01, Vernon's Ann.C.C.P. Article 725b, Sec. 15, Vernon's Ann.P.C. See also Slaughter v. State, 166 Tex.Cr.R. 403, 314 S.W.2d 92; Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757. The search incident to such arrest was therefore lawful. Even if it can be argued that the search preceded the actual arrest, we conclude that the search was still lawful since the searching officers had probable cause. Gutierrez v. State, Tex.Cr.App., 423 S.W.2d 593.[2]

Grounds of error #1 and #4 are overruled.

▮ We find no merit in appellant's second contention that the court erred in permitting the State to show the blood relationship between Gary Ross and the appellant since the same was irrelevant, immaterial and prejudicial. The fact that the

two were half-brothers was fully explored, both on direct and cross-examination, in the hearing out of the jury's presence to determine the admissibility of the marihuana. Subsequently, in the jury's presence there was only a general objection to such testimony and when the appellant testified in his own behalf he volunteered the same testimony. We perceive no error.

Ground of error #2 is overruled.

▮ Thirdly, appellant complains of the State's jury argument questioning why he had not produced witnesses other than himself.

First, we find no objection to the portion of the complained of argument quoted and set out in appellant's brief. Second, the prosecution had the right to comment on the appellant's failure to call material witnesses. Schultz v. State, Tex.Cr.App., 367 S.W.2d 688; 56 Tex.Jur.2d, Trial, Sec. 261, p. 599. See also Johnson v. State, 170 Tex.Cr.R. 381, 341 S.W.2d 453; Waddle v. State, Tex.Cr.App., 448 S.W.2d 472.

In the complained of argument the prosecutor merely asked why the appellant had not called Freddie Lewis who he testified had taken him to his brother's apartment and further inquired why the appellant had not called his brother to support his testimony that Stringfellow had said, "Let's give little brother one."

Ground of error #3 is overruled.

1. These authorities would not appear to be applicable if the property discarded can be identified on sight as evidence of a crime; it can be seized just as any other evidence in open view can be seized. See United States v. McKethan, D.C., 247 F.Supp. 324.

2. It should be remembered that according to the officers' testimony the appellant was preparing to enter the automobile and actually dropped the matchbox inside the vehicle. In Gutierrez v. State, supra, this Court stated:

"The State, however, does not seek to justify the search as one incident to a lawful arrest. They contend that an

automobile on proof of probable cause, may be legally searched without a search warrant. We agree. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.2d 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; 51 Tex.Juris.2d, Searches and Seizures, Sec. 10, pp. 669, 670. Under these authorities the test of the validity of the search is whether the searching officers had probable cause. They do not have to arrest the defendant as a condition of making the search. They may search, find the contraband, and then arrest."

■ We have carefully examined the record in light of appellant's contention that his retained trial counsel was ineffective and considered each one of the eleven cited instances of incompetency and find the contention without merit.[3]

Ground of error #5 is overruled.

■ Relying upon Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510; Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542; and In Re Klor, 64 Cal.2d 816, 415 P.2d 791, the appellant contends he had the right to quietly possess and enjoy a hallucinogen or narcotic drug. He contends therefore that Article 725b, V.A.P.C., is unconstitutional in that it infringes upon an individual's constitutionally protected right of privacy and his right to self-knowledge, self-expression and education in violation of the First, Third, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

We do not agree that the authorities cited can be stretched to encompass appellant's contention or to render Article 725b, supra, unconstitutional. See Scott v. United States, 129 U.S.App.D.C. 396, 395 F.2d 619.

Ground of error #6 is overruled.

■ Appellant also urges that a punishment of ten years constitutes cruel and unusual punishment. See Eighth and Fourteenth Amendments, Constitution of the United States; Article I, Sec. 13, Texas Constitution, Vernon's Ann.St. The penalty assessed is within the statutory limit determined by the Legislature (Article 725b, Sec. 23, V.A.P.C.) and the contention is without merit. Griggs v. State, Tex.Cr. App., 451 S.W.2d 481; Martinez v. State, Tex.Cr.App., 373 S.W.2d 246, cert. den. 377 U.S. 937, 84 S.Ct. 1345, 12 L.Ed.2d 301; Segura v. State, Tex.Cr.App., 427 S.W.2d 864; Arredondo v. State, 168 Tex.Cr.R. 110, 324 S.W.2d 217; Garcia v. State, 166 Tex.Cr.R. 482, 316 S.W.2d 734; 16 Tex. Jur.2d, Sec. 19, p. 120.

Ground of error #7 is overruled.

■ Next, appellant again challenges the constitutionality of Article 725b, V.A. P.C., on the ground that the classification of marihuana as a narcotic drug thereunder is unreasonable and violates the equal protection clause, Fourteenth Amendment, United States Constitution, and that the inclusion of marihuana in such statute while excluding alcohol is also an unreasonable classification.

In Reyna v. State, Tex.Cr.App., 434 S. W.2d 362, this Court said:

"The inclusion of marihuana in the statutory definition of 'narcotic' in a class with heroin and other physically addicting drugs is not an unreasonable and arbitrary classification violative of due process and equal protection of the law.

---

3. In one instance cited as evidence of incompetency appellant complains that the trial counsel did not object to the introduction of the marihuana in the presence of the jury. The failure to then object did not waive appellate review of any error. Counsel had earlier objected, there had been a hearing outside of the jury's presence on the question of admissibility and counsel had excepted to the court's ruling admitting the same. Such was a sufficient objection. See Article 40.09, Sec. 6(d) (3), V.A.C.C.P.; Powers and Dion v. State, Tex.Cr.App., 456 S.W.2d 97. Appellant also complains of counsel's failure to object to the officers' testimony that the substance in the matchbox was in their opinion, based on their experience, marihuana. Such evidence was clearly admissible in view of the proper predicate laid. Cano v. State, Tex. Cr.App., 450 S.W.2d 646; Caffey v. State, Tex.Cr.App., 433 S.W.2d 900 and cases there cited; see also 3 Branch's Ann.P.C., 2nd ed., Sec. 1423.3.

People v. Stark, 157 Colo. 59, 400 P.2d 923; Spence v. Sacks, 173 Ohio St. 419, 183 N.E.2d 363; Locke v. State, supra [168 Tex.Cr.R. 507]; State v. Page, 395 S.W.2d 146 (Mo.); Jenkins v. State, 215 Md. 70, 137 A.2d 115; People v. Mistriel, 110 Cal.App.2d 110, 241 P.2d 1050; People v. Woody, 61 Cal.2d 716, 40 Cal.Rptr. 69, 394 P.2d 813."

And we are not impressed with the claim that as a result of asserted analogies between marihuana and alcohol, it is a denial of equal protection for the Legislature to have included one and not the other within the provisions of Article 725b, supra.

These claims are advanced only in the appellate brief and are not supported by the record in the trial court.

In Scott v. United States, 129 U.S.App. D.C. 396, 395 F.2d 619, the D.C. Circuit Court of Appeals in disposing of a similar contention said:

"Because of the exiguous record made in the trial court, these claims of necessity must find their support in assertions in brief rather than record references. This is a very slender basis indeed for declaring an Act of Congress unconstitutional on its face, which is the relief sought. There are perhaps many searching questions to be asked about the structure and foundations of existing narcotic laws, but, if they are to be answered by judicial invalidation rather than by legislative reexamination, it could only be upon the basis of information assembled and tested within the framework of the judicial process. Without it, the deference in terms of assumptions of rationality which traditionally extend to Congressional enactments must prevail."

Grounds of error #8 and #9 are overruled.

The judgment is affirmed.