**Charles Allen BROOM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43293.**

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 27, 1971.

Sam Houston Clinton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty. and Sykes Houston, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

Upon a plea of not guilty following a waiver of trial by jury, the appellant was convicted for the possession of a narcotic drug, to wit: Marihuana. The punishment was assessed at six years which was probated.

The appellant contends that the trial court erred in admitting the results of the search of his person in evidence.

The evidence of the state reveals that on February 6, 1969, Sgt. Spain of the narcotic section of the Austin Police Department received a telephone call about 2:55 p. m. from Capt. Sweeney of said department informing him that three hippie-type persons were in Pease Park on the hike and bike trail and that they were smoking marihuana and were located near a sick raccoon. In response to this call, Spain notified Sgts. Llewellyn and Phillips to meet him near Pease Park which they did and he informed them of the information he had just received about the three hippies in Pease Park who were smoking marihuana "at this time." As Spain passed the park going north before he left his car and entered the park, he saw the three hippie-type persons; appellant was standing, and a boy and girl were sitting on the grass. While appellant was standing, he appeared to be dancing as he had his arms extended sideways and was turning around and moving from side-to-side. Sgt. Spain later left his car going north of the location of the three persons in the park and entered the hike and bike trail in Pease Park, and after going a short distance he observed a sick raccoon near where he had been informed

that the three hippie-type persons were located. At this time the three hippie-type persons began walking south on the trail on which Llewellyn and Phillips were walking north. Spain approached the three hippies just seconds after Llewellyn and Phillips began talking to them. The appellant was identified at the trial as Charles Allen Broom.

Sgt. Phillips, an officer in the narcotics division, accompanied by Officer Llewellyn, testified that he saw appellant about 3:20 p. m., February 6, in Pease Park walking with a boy, a girl, and a dog. Upon meeting the appellant in the park they hold him they were officers and that they had information "he had been or this group had been smoking marihuana." In searching the appellant he found in his front pants pocket a match box which contained a partially burned cigarette which had marihuana in it. Phillips expressed the opinion that the appellant appeared to be under the influence of a narcotic. He also found some cigarette rolling papers in his left shirt pocket which appeared to be the same type used in the cigarette butt.

Sgt. Phillips had information from Sgt. Spain that there were two hippie-type boys and a girl; and upon observing appellant and his companions he "figured" that they were hippies. There were only three hippie-type persons seen in the park "at that time" by Spain. Before Phillips and Llewellyn located the suspects they received a radio dispatch from Sgt. Spain that he had seen these individuals on the grass in the park across from the Nob Hill Apartments and "they appeared to be under the influence and—"

Phillips and Llewellyn parked their car and began walking north in the park looking for the persons described by Sgt. Spain and they soon saw them about forty yards away. As Spain arrived, Phillips was searching the appellant and on finding the match box containing marihuana he told appellant he was under arrest for the possession of marihuana.

Sgt. Llewellyn testified substantially as did Sgt. Phillips except that Llewellyn testified without objection that he knew the appellant, had been arrested on an indictment charging him with the illegal possession and sale of LSD in 1967.

The record reveals that as Sgt. Spain travelled north on Lamar Boulevard alongside Pease Park to the place where he stopped and entered Pease Park before he started walking south on the hike and bike trail that his police car could have been seen by persons sitting in Pease Park about 3 p. m.

■ The information received by the officers and the facts and circumstances as shown by the evidence were sufficient for the trial court to conclude there was probable cause for the appellant's arrest without a warrant. The search incident to his arrest was valid. Jones v. State, 171 Tex. -Cr.R. 608, 352 S.W.2d 270; Lamar v. State, Tex.Cr.App., 415 S.W.2d 926; Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494; Houston v. State, Tex.Cr.App., 428 S.W.2d 353.

■ In his second, third, and fourth grounds of error the appellant challenges the constitutionality of Art. 725b, Vernon's Ann.P.C., on the grounds that the classification of marihuana as a narcotic drug is arbitrary, unreasonable, irrational and a denial of equal protection of law; that the prohibitions and penalties in Art. 725b, supra, with respect to private possession of marihuana are impermissible invasions of privacy in the absence of a showing by the state of the compelling interest or reason to abridge such right; and that the six year probated sentence imposed constitutes cruel and unusual punishment for the alleged offense.

In passing on grounds similar to those presented by the appellant, this Court has held Art. 725b, supra, to be constitutional. Arredondo v. State, 168 Tex.Cr.R. 110, 324 S.W.2d 217; Martinez v. State, Tex.Cr.

App., 373 S.W.2d 246, cert. denied, 377 U.S. 937, 84 S.Ct. 1345, 12 L.Ed.2d 301; Segura v. State, Tex.Cr.App., 427 S.W.2d 864; Locke v. State, 168 Tex.Cr.R. 507, 329 S.W. 2d 873; Reyna v. State, Tex.Cr.App., 434 S.W.2d 362; Johnson v. State, Tex.Cr. App., 447 S.W.2d 927; Miller v. State, Tex. Cr.App., 458 S.W.2d 680.

The appellant's grounds of error are overruled.

The judgment is affirmed.