**UNITED STATES, Appellant,**

v.

**Irvin D. THORNE and Walter C. Grady,
Appellees.**

**No. 8349.**

District of Columbia Court of Appeals.

Argued June 10, 1974.

Decided Aug. 7, 1974.

Edward D. Ross, Jr., Asst. U. S. Atty.
with whom Earl J. Silbert, U. S. Atty.,
John A. Terry, Richard L. Cys, and Rober-
ta T. Eaton, Asst. U. S. Attys. were on the
brief, for appellant.

Betty J. Clark for appellees.

Peter H. Meyers, Washington, D. C., ap-
pearing by leave of court, for National Or-

ganization for the Reform of Marijuana Laws, as amicus curiae.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

REILLY, Chief Judge:

These orders of dismissal came before us on the government's motion for summary reversal and for expedited consideration. With agreement of the parties, we deferred action on the motion to permit full briefing. The cases are now disposed of in that light. Each of the appellees (defendants below) was separately charged with the offense of unlawful possession of marijuana.[1] They joined in a motion to dismiss on the ground that the statute under which they were charged, making criminal the mere possession of marijuana, is unconstitutional. After a protracted hearing which included the taking of expert testimony and the receipt in evidence of several documents relating to the use and effects of marijuana, the court below granted the motions to dismiss. In a lengthy opinion, the court found that " . . . marijuana is not a narcotic drug; that the use of marijuana is not addictive; that the use of marijuana has no short term or long term harmful effects upon the individual user; [and] that the ordinary use of marijuana does not lead to

the commission of crimes or induce acts of violence by the user."[2]

Having made these findings and arriving at the conclusion that the record demonstrated that " . . . the use of marijuana poses no significant danger or threat to the lives, safety, liberty, property, or welfare of the user or of other human beings", the court proceeded to point out that the maximum punishment authorized by the Code for the offense charged[3] was substantially more severe than the corresponding penalties prescribed for certain crimes which, in the opinion of the court at least, were "more dangerous", e. g., discharging firearms, reckless driving, operating a motor vehicle while intoxicated.

On the basis of this random comparison, the court declared the punishment prescribed for the possession of marijuana extremely disproportionate to the offense proscribed. Accordingly, the court granted the motions to dismiss, holding that " . . . the statutory scheme of criminal prohibitions and penalties for the mere possession of marijuana is unconstitutional under the Eighth Amendment to the Constitution of the United States."[4]

At the outset, we note that the issue of the use and effect of marijuana is still far from settled.[5] Public debate and discussion still continue and legislation is now pending in Congress which should ultimately settle the question.[6] We cannot say

1. D.C.Code 1973, § 33–402(a).

2. United States v. Grady, et al. Super.Ct.D.C. (Crim. Nos. 46126–73, 41716–73, May 17, 1974, reported in part in 102 D.W.L.R. 1161 at 1167).

3. " . . . shall be fined not' less than $100 nor more than $1,000, or imprisoned for not more than one year, or both." D.C. Code 1973, § 33–423(a).

4. *Supra* n. 2, 102 D.W.L.R. at 1168.

5. On January 26, 1974, The Washington Post carried an article on page 1, Section B, entitled *Warning: Marijuana May Be Dangerous To Your Health.* It was reported that the findings of a study conducted by a team of Columbia University physicians provided direct evidence that regular smoking

of marijuana was injurious to health. The article was based on *Inhibition of Cellular, Mediated Immunity in Marijuana Smokers*, Science Magazine, Feb. 1, 1974, at 419.

6. The Administration proposed to the 92nd Congress the adoption of new narcotics and dangerous drug legislation for the District of Columbia. The proposal was designed to bring the District's drug laws into conformity with the Controlled Substances Act (21 U.S.C. 801 *et seq.*). Legislation was introduced in both the House and the Senate (H.R. 11268 and S. 2692). Hearings were held on the House bill, which was reported out on October 3, 1972, but no further action taken. The Senate did not act on S. 2692. A similar bill has been reintroduced in the 93rd Congress (H.R. 7765).

with assurance that there is presently no reason or basis in fact for the continued validity of the questioned statute.

Taking judicial notice of these legislative developments and the absence of any consensus in the medical community on the marijuana controversy, another judge of the Superior Court, in a case raising the same constitutional issue, denied a motion to dismiss on the ground that a court should not arrogate to itself authority to decide a matter Congress is considering. This opinion, handed down by Judge Belson about a month earlier than the orders now appealed from, was reported in The Daily Washington Law Reporter of April 24, 1974. United States v. Ivey, 102 D.W. L.R. 829, 15 Crim.L.Rep. 2064. Its reasoning commends itself to us.

■ In our opinion the court below misconceived its function in its approach to the constitutionality of the statutory proscription of the possession and use of marijuana. In deciding that this drug has virtually no harmful effects upon the human system, the court had occasion to consider the testimony of four expert witnesses and a voluminous mass of documentary studies. The court weighed this evidence and resolved the conflict to its own satisfaction. If this were a hearing or a trial turning upon the determination of facts upon which there was conflicting testimony, such procedure was, of course, correct.

But a holding that a legislative enactment is invalid cannot rest upon a judicial determination of a debatable medical issue. Any party assailing the constitutionality of a statute has the heavy burden of demonstrating that it has no rational basis. *See* Scott v. United States, 129 U.S.App.D.C. 396, 395 F.2d 619 (1968), upholding the constitutionality of the same provisions of the Code challenged here.

In the classic case of United States v. Carolene Products Co., 304 U.S. 144, 58 S. Ct. 778, 82 L.Ed. 1234 (1938), where the validity of a statute prohibiting interstate shipments of "filled milk" was attacked on the ground that the substance in question was not in fact "an adulterated article of food, injurious to the public health," *id.* at 146, 58 S.Ct. at 780, the Supreme Court laid down the guiding principles for judicial disposition of such issues—

Where the existence of a rational basis for legislation whose constitutionality is attacked depends upon facts beyond the sphere of judicial notice, such facts may properly be made the subject of judicial inquiry . . . . But by their very nature such inquiries, where the legislative judgment is drawn in question, must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it. Here the demurrer challenges the validity of the statute on its face and it is evident from all the considerations presented to Congress, and those of which we may take judicial notice, that the question *is at least debatable* whether commerce in filled milk should be left unregulated, or in some measure restricted, or wholly prohibited. As that decision was for Congress, *neither the finding of a court arrived at by weighing the evidence, nor the verdict of a jury can be substituted for it. Id.* at 153–154, 58 S.Ct. at 784. (Emphasis supplied; citations omitted.)

It is apparent from the record in this case that the question decided by the court below after the hearing on the pretrial motions was "at least debatable." Hence, under the tests set forth in *Carolene Products,* the court should have deferred to congressional judgment. This has been the uniform response of federal courts in other jurisdictions where the inclusion of marijuana among the narcotic substances proscribed by the United States Criminal Code has been challenged by defendants.

In United States v. Rodriquez-Camacho, 468 F.2d 1220 (9th Cir. 1972), cert. denied, 410 U.S. 985, 93 S.Ct. 1512, 36 L.Ed.2d 182 (1973), affirming a conviction for posses-

sion of marijuana with intent to distribute under 21 U.S.C. 841(a), the Ninth Circuit pointed out that:

> Congress has concluded that ". . . controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." Appellant urges that this assertion is inapplicable to marijuana. This is a matter, however, whose ultimate resolution lies in the legislature and not in the courts. It is sufficient that Congress had a rational basis for making its findings. *Id.* at 1222. (Footnote omitted.)

As the matter is presently under consideration by Congress, "[a]ny judicial action at this stage would be an unwarranted intrusion into the legislative province."[7] United States v. LaFroscia, 354 F.Supp. 1338, 1341 (S.D.N.Y.), aff'd, 485 F.2d 457 (2d Cir. 1973).

Accordingly, the orders of the court dismissing these informations are vacated, and the cases remanded with instructions to reinstate the informations.

So Ordered.

7. Even were it within the province of the trial court to pass on the basic constitutional issue, the action of the court below coming at a time when no appellee had been convicted or sentenced for possession of marijuana was premature. In fact, none of them has even been tried on these informations. Accordingly, they have no standing to argue that the maximum penalties specified in the Code for the offenses charged in such informations constitute "cruel and unusual punishment" under the Eighth Amendment, for such penalties have not and may never be imposed upon them. Commonwealth v. Leis, 355 Mass. 189, 243 N.E.2d 898 (1969); People v. Stark, 157 Colo. 59, 400 P.2d 923 (1965).