**William Russell FRANKLIN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5960.**

District of Columbia Court of Appeals.

Argued En Banc May 17, 1973.

Decided May 7, 1975.

Gary D. Wilson and Ann K. Macrory, Washington, D. C., appointed by this court, with whom John H. Pickering, Vaughn C. Williams, Michael L. Burack, and Roderic V. O. Boggs, Washington, D. C., were on the brief, for appellant.

Richard L. Cys, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Oscar Altshuler, Roger M. Adelman, and Lawrence P. Lataif, Asst. U. S. Attys., were on the brief, for appellee.

Robert L. Palmer, Washington, D. C., with whom Robert N. Sayler, Washington, D. C., was on the brief, for the Washington Area Council on Alcoholism and Drug Abuse, Inc., as amicus curiae.

Before REILLY, Chief Judge, and KELLY, FICKLING, KERN, GALLAGHER, NEBEKER, PAIR,* YEAGLEY and HARRIS, Associate Judges.

GALLAGHER, Associate Judge.

On February 27, 1973, a panel of this court issued an opinion in Franklin v. United States (D.C.App., No. 5960), one judge dissenting, holding that a defendant charged with possession of narcotics or narcotics paraphernalia, who is a nontrafficker, is entitled to raise an affirmative defense that he lacked capacity (a substantial loss of control) to refrain from using narcotics, *i. e.,* that he is an "addict" or "drug user" as defined in 21 U.S.C. § 802(1) (1970) and in D.C. Code 1973, § 24–602 (a) (one "who is so far addicted to the use of such habit-forming narcotic drugs as to have lost the power of self-control with reference to his addiction"). The panel opinion was vacated sua sponte by the court en banc on the same date and set for reargument before the full court.[1]

In this case, after a nonjury trial, the trial court found appellant to be an addict who possessed heroin for his own use. Viewing this court's decision in Wheeler v. United States, D.C.App., 276 A.2d 722 (1971), as precluding a verdict of not guilty by reason of addiction, the trial court found Franklin guilty of possession of narcotics[2] and possession of implements of crime (narcotics paraphernalia).[3] Franklin appeals his conviction.

## THE RECORD

William Russell Franklin was arrested in a rooming house following a report by a woman living in the building that narcotics were being used in a vacant room. Franklin was convicted in a nonjury trial of unlawful entry,[4] illegal possession of heroin and possession of implements of crime (narcotics paraphernalia). He does not appeal from the conviction for unlawful entry.

At trial, one medical expert, Dr. Eric Chivian, testified on behalf of the defend-

---

* Retired as of April 14, 1974.

1. By the same order Laverne F. Gorham v. United States, No. 5992, D.C.App., 339 A.2d 401, and Chester Williams, Jr. v. United States, D.C.App., 339 A.2d 401, No. 5995, which had been argued before the *Franklin* panel but were yet undecided, were consolidated with *Franklin* for rehearing en banc.

2. D.C.Code 1973, § 33–402(a).

3. D.C.Code 1973, § 22–3601.

4. D.C.Code 1973, § 22–3102.

ant. He testified [5] that his only examination of appellant took place at the jail; that appellant told him he had used narcotics for several years; that he also told him he had "a significant habit for a significant portion of those several years, except for the time he was locked up in jail"; and that appellant had been involved in a methadone program during the preceding twelve months but methadone "did not for him constitute an adequate substitute for heroin." Dr. Chivian stated that appellant had achieved "a marked euphoric effect for which he was psychologically dependent"; that "the defendant described to [him] an overwhelming compulsion psychologically to use heroin"; and that, in his expert opinion, the defendant "is addicted to the use of heroin," such addiction being "an illness." That was the extent of his direct testimony about appellant's condition. During the remainder of his direct testimony, Dr. Chivian defined narcotic addiction as a combination of "a physical and mental compulsion" to use a narcotic drug. He explained that it is a total compulsion with some individuals, but with others it is not. He defined the relapse to drugs as a returning to an addiction—either from a lingering physical need or psychological need even after physical withdrawal is complete.

On cross-examination, the doctor testified that his thirty-minute examination of the defendant included no physical examination, no examination of the defendant's medical records, and not even an examination of his arms for needle marks. Twice, the doctor stated that the defendant "was not addicted" at the time of his examination.[6] When asked whether his opinion was "as soundly based as you would ordinarily want it to be in connection with making a diagnosis," he replied:

No, I would hope to have had a longer exposure to Mr. Franklin, but I felt that in the half hour I had, I had an adequate knowledge of his subjective history.

Finally, he explained that under proper guidance an individual can overcome his addiction without the use of methadone or other substitute narcotics.

Appellant, testifying on his own behalf, said he had been taking heroin over the course of seven years and had experienced withdrawals several times. He said one of the reasons he used heroin was that he was depressed because it "seemed like I couldn't find the right environment"; and that heroin "makes me feel like I'm more accurate," that is to say, "more alive." He used methadone at one time but continued with heroin at the same time and said he did not give methadone "a thorough trial." [7]

The trial court found that appellant possessed narcotics and narcotics paraphernalia when arrested. It also found that "he is an addict," "that he will be an addict until he gets enough treatment to rid him of that condition," and that he did not use the items in his possession "for anyone else." [8]

The court concluded, however, that our decision in Wheeler v. United States, *supra*, holding that the Eighth Amendment does not bar criminal punishment of narcotic addicts for possession of heroin, left no alternative but to find appellant guilty of the possession charges.

Appellant argues in this court that because of his heroin addiction he lacked the free will necessary to establish criminal re-

5. Dr. Chivian's direct testimony concerning his examination of appellant consumed only two pages of transcript.

6. On neither occasion did he explain this statement. The record shows the offense was committed on November 14, 1970, and the doctor's examination took place some 11 weeks later, during the first week of February, 1971.

7. The trial court did not consider the availability of methadone in arriving at its findings.

8. It is not apparent what evidence gave rise to this finding.

sponsibility for his acts of possession. Put in simple terms, he asserts that he was compelled to possess heroin and the paraphernalia necessary to administer it due to his addiction to the drug.

■ Leaving all other considerations aside for the moment, we think it would be a dangerous practice to rest a decision of this importance on such meager evidence. The record at trial does not disclose information related to the expert witness which led to his conclusion that appellant had "an overwhelming compulsion psychologically to use heroin." Nor is it evident what constituted the basis for his conclusion that appellant had "a marked euphoric effect for which he was psychologically dependent." Nor are we advised of whether the finding of addiction related to criminal responsibility or only to habitual use. All other considerations aside, we would find it unacceptable to rest a decision of this scope on a trial record which shows no inquiry into most of the crucial issues and which relied upon medical testimony based upon only a most cursory subjective examination of appellant that did not so much as include an examination of his arms for needle marks.

■ But beyond this, the disposition in this case is controlled by our decision today in Gorham v. United States, D.C.App., 339 A.2d 401 (Nos. 5992 and 5995, 1975), which, as we there state, agrees with the exhaustive prior decision by the United States Circuit Court in this jurisdiction in United States v. Moore, 158 U.S.App.D.C. 375, 486 F.2d 1139 (1973). We hold that "Congress' avowed intent to prosecute and convict drug users where indicated for *all* crime necessarily nullifies this court's authority to formulate a new common law rule of criminal responsibility which would insulate those same drug users from criminal punishment . . . ." Gorham v. United States, *supra* at 408. Moreover, we noted that even if such a course were open to us, we would not choose to fol-

low for the reasons we delineate in *Gorham, supra*.

The judgment of the trial court is therefore

Affirmed.

FICKLING, Associate Judge, with whom KERN, Associate Judge, joins (dissenting):

We adopt the dissent filed in Gorham v. United States, D.C.App., 339 A.2d 401 (No. 5992, decided this date).