**UNITED STATES, Appellant,**

v.

**James KENYON, a/k/a Quincel A. Milligan, Appellee.**

**UNITED STATES, Appellant,**

v.

**Avron J. COLLINS et al., Appellees.**

**Nos. 8352 and 8582.**

District of Columbia Court of Appeals.

Argued Feb. 10, 1976.

Decided March 25, 1976.

John W. Polk, Asst. U. S. Atty. with whom Earl J. Silbert, U. S. Atty., John A. Terry, John C. Martin, and Mark H. Tuohey, III, Asst. U. S. Attys., were on the brief, for appellant.

Robert A. W. Boraks, Washington, D. C., appointed by this court, for appellee Kenyon (No. 8352).

John Brooks Harrington, law student counsel (LS #900), with whom Robert St. John Roper, Washington, D. C., supervising attorney, was on the brief, for appellee Liles (No. 8582).

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

These appeals arise from orders of the Superior Court dismissing the charge of sexual solicitation against four individuals in violation of D.C. Code 1973, § 22–2701. Avron J. Collins moved to dismiss the charge on the ground that the statute was unconstitutional. Donnell J. Devall pleaded guilty to the charge, but the plea was vacated sua sponte by Judge Norman. Thomas J. Liles appeared to plead guilty and was told by Judge Norman that he could not accept the plea. A motion to dismiss was granted as to Collins, Devall, and Liles on the basis that the methods used to enforce the statute are unconstitutional. The charge against James Kenyon was dismissed by Judge Norman in reli-

ance on *United States v. Binns,* 100 Wash. L.Rptr. 1381 (July 14, 1972) (Super.Ct. Crim.No. 14119–70, May 31, 1972), *rev'd, United States v. Carson,* D.C.App., 319 A. 2d 329 (1974). Only Kenyon and Liles are represented by counsel on appeal, and neither counsel argued to sustain the reasoning of the trial judge.[1]

The government contends, and we agree, that the trial judge erred in dismissing these informations because of what he perceived to be unfair enforcement practices. *See United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). The statute does not punish the condition of a person, but rather his conduct. These defendants were charged with soliciting in violation of the statute. The statute is being applied against their conduct, not their individual status. *Riley v. United States,* D.C.App., 298 A.2d 228, 232 (1973). *See also Franklin v. United States,* D.C. App., 339 A.2d 398 (1975); *Gorham v. United States,* D.C.App., 339 A.2d 401 (1975). There is no legitimate issue in these cases respecting cruel and unusual punishment. *United States v. Thorne,* D. C.App., 325 A.2d 764, 767 n. 7 (1974). Kenyon's contention respecting duplicity in the single-count information is controlled, as he recognized at oral argument, by *United States v. Miqueli,* D.C.App., 349 A. 2d 472 (1975).

It is unexplained how these cases became sua sponte consolidated for disposition at the trial level. The records do disclose, however, that the charges were filed in late 1973 or early 1974, and that after following independent courses, including a court-aborted plea of guilty in two of the cases, they converged in hearings and oral dismissal orders in April 1974. It was not until an order of this court on February 13, 1975, directing the filing of a statement of his findings and conclusions, that the basis for the dismissals was furnished by Judge Norman. It would appear that the action of the trial court judge was clearly contrary to precedent in this jurisdiction.

> Courts ought not—must not—forget that our vaunted rule of law is a structure of rules; it is not an amorphous jelly of judicial pleasure. The rule of law is government by rules properly adopted. The precise opposite of that prized system is a practice of disposing of each case without regard to rules according to the individual and perhaps ephemeral pleasure—or opinion—of a judge. . . . [*Mitchell v. United States,* 104 U.S.App.D.C. 57, 61–62, 259 F.2d 787, 791–92 (1958).]

Accordingly, we reverse the orders of dismissal and remand these cases for further proceedings. The Clerk of this court will make the appropriate entries in the records and transmit them to the Clerk of the Superior Court with directions that they be placed on the trial calendar in the ordinary course of assignment.

So ordered.

---

1. The basis for the judge's ruling seems to have been an admixture of the following factors: (1) no member of the general public complained; (2) the undercover officer, when approached by a defendant and asked if he was dating or sporting, was deceptive in answering affirmatively; and (3) trans-sexuals have an "inherent sexual dilemma". It was from those factors the conclusion was drawn that the arrests and prosecutions were "shocking[ly]" unfair and cruel and unusual punment.