**Tommy Ray BURKES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12–88–00304–CR.**

Court of Appeals of Texas, Tyler.

June 29, 1990.

John Tunnell, Kilgore, for appellant.

C. Patrice Savage, Lonview, for appellee.

---

## OPINION ON REHEARING

PER CURIAM.

Appellant brings this motion for rehearing on this Court's Opinion delivered May 31, 1990, affirming appellant's conviction for possession of cocaine. In his motion, appellant contends that this Court erred in holding that the "stop" of appellant was a temporary detention.

Appellant correctly asserts that the distinction between a temporary detention or "*Terry* stop" and an arrest is crucial. However, appellant argues that because he was ordered to lie face down and was then handcuffed before the officer conducted a pat-down search for weapons, this detention constituted an arrest rather than a temporary detention. We disagree.

We find no Texas cases on point; however, numerous federal cases clearly indicate that the reasonable use of handcuffs or the ordering of a suspect to lie down does not convert a *Terry* stop into an arrest. *U.S. v. Glenna*, 878 F.2d 967, 972 (7th Cir.1989); *U.S. v. Buffington*, 815 F.2d 1292, 1301 (9th Cir.1987); *U.S. v. Kapperman*, 764 F.2d 786, 790 n. 4 (11th Cir. 1985); *U.S. v. Taylor*, 716 F.2d 701, 709 (9th Cir.1983). The Court of Criminal Appeals has stated that:

> Art. 1, Sec. 9, of the Constitution of this State, and the 4th Amendment of the Federal Constitution are in all material aspects, the same ... [T]his Court has opted to interpret our Constitution in harmony with the Supreme Court's opinions interpreting the Fourth Amendment. We shall continue on this path until such time as we are statutorily or constitutionally mandated to do otherwise.

(Citations omitted.)

*Brown v. State*, 657 S.W.2d 797 (Tex.Cr. App.1983). The Ninth Circuit, in *Taylor*, directly addressed the issue raised by appellant and wrote:

> Because there were two suspects and only two or three officers on the scene, Agent Dick deemed it prudent to have Pressler lie down and be handcuffed during the frisk. We have previously held that the use of handcuffs, if reasonably

necessary, while substantially aggravating the intrusiveness of an investigatory stop, do not necessarily convert a *Terry* stop into an arrest necessitating probable cause ... Likewise, requiring the suspect to lie down while a frisk is performed, if reasonably necessary, does not transform a *Terry* stop into an arrest.

*Taylor*, 716 F.2d at 709 (citing *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447).

In the instant case, we believe that the circumstances at the scene made it reasonably necessary for the officer to order appellant to lie down and to handcuff him. The officer testified that it was very dark in the field, and that he would have had trouble keeping an eye on appellant's hands. He also testified that several other suspects who outnumbered the officer were running about the field.

Appellant cites *Pickens v. State*, 712 S.W.2d 560 (Tex.App.—Houston [1st Dist.], 1986, pet. ref'd), for the proposition that handcuffing a suspect is tantamount to an arrest. In *Pickens*, police officers stopped Pickens on a hunch and in addition to handcuffing him, they placed him in the patrol car while they searched certain motel rooms to see if any burglaries had occurred. We find the facts of *Pickens* readily distinguishable from those in the instant case. Furthermore, in *Pickens*, at no point did the court specifically address the issue of the effect of handcuffing on a temporary detention.

Appellant's motion for rehearing is overruled.