Arthur Lee BANKS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46927 to 46930.

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 27, 1973.

**840**

day time for the defense attorney to prepare for trial. We are referred to Article 26.04, Vernon's Ann.C.C.P. However, that statute specifically applies only where counsel is *appointed*. In the present case, defense counsel at trial was retained. Further, the record reflects that the case was first set for April 22, 1972, then reset for May 9, 1972. No error is shown.

■ Also, appellant argues that he pled guilty out of desperation, and that he really wanted a jury trial. Appellant filed a written waiver of jury. Further, his counsel at trial re-advised him of his right to a jury trial. The trial judge admonished appellant and told him of the consequences of his plea. Appellant insisted that he understood he had waived a jury trial and wished to now plead guilty. His allegation on appeal is overruled.

■ Appellant further contends that Article 725b, § 2(c) Vernon's Ann.P.C., is unconstitutional because it violates the 8th Amendment prohibition against inflicting cruel and unusual punishment. We disagree; the statute is not unconstitutional. Capuchino v. State, 389 S.W.2d 296 (Tex. Cr.App.1965), cert. denied, 386 U.S. 928, 87 S.Ct. 869, 17 L.Ed.2d 800 (1967), rehearing denied, 386 U.S. 987, 87 S.Ct. 1289, 18 L.Ed.2d 241 (1967); cf. Martinez v. State, 373 S.W.2d 246 (Tex.Cr.App.1963).

■ In his final ground, appellant argues that the indictment in the possession of narcotic paraphernalia case is defective since it does not negate the exceptions to the statute. This is not necessary. Article 725b, § 21, V.A.P.C.

Finding no reversible error, the judgments are affirmed.

DOUGLAS, J., not participating.

---

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant entered pleas of guilty to charges of possession of narcotic paraphernalia, rape, and two charges of robbery by assault. Punishment was assessed at 15 years' confinement in each case, the sentences to run concurrently.

■ Appellant first alleges that the record is silent as to any waiver of the 10-