Charles BOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55683.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

**930**

Larry D. Dowell, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Ted Poe, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated kidnapping. Punishment was assessed at 50 years' imprisonment.

■ Appellant's first ground of error complains that the instant conviction violates the prohibition against double jeopardy under the Fifth Amendment to the United States Constitution and the applicable Texas Constitution · and statutory provisions. Article I, Section 14, Texas Constitution; Article 1.10, V.A.C.C.P. Appellant's argument is premised upon the initial position that he has previously been convicted for aggravated robbery, an offense which was an indistinguishable part of the same continuous criminal transaction from which the instant offense arose. He directs this Court's attention to the appeal of his alleged prior conviction for aggravated robbery in our Cause No. 53,930. We note that this Court issued a per curiam opinion in that cause on January 12, 1977, in which we dismissed the appeal in light of a supplemental transcript showing that the trial court granted appellant a new trial on December 13, 1976, pursuant to Article 40.09, Section 12, V.A.C.C.P. The appellant's reliance on *Ex parte Birl,* Tex.Cr.App., 545 S.W.2d 169; *Ex parte Jewel,* Tex.Cr.App., 535 S.W.2d 362; *Ex parte Evans,* Tex.Cr. App., 530 S.W.2d 589; *Ex parte Prince,* Tex.Cr.App., 549 S.W.2d 753; and *Ex parte Santillan,* Tex.Cr.App., 532 S.W.2d 638, is misplaced. It is axiomatic that before the doctrine of carving can be applied to reverse a subsequent conviction for an offense arising out of the same criminal transaction against the same victim which formed the basis for a prior conviction, there must be a prior conviction.

Article 40.08, V.A.C.C.P., provides that:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument."

See also *Reed v. State,* Tex.Cr.App., 516 S.W.2d 680. We therefore conclude, on the facts of this case, that the State has not violated the "carving doctrine" by prosecuting appellant for aggravated kidnapping in light of the grant of a new trial in his previous conviction for aggravated robbery. The net effect of the above described events is to render the instant conviction the first conviction of an offense arising out of the criminal episode to be described below. Appellant's ground of error one is overruled.

Appellant complains in his second ground of error that the trial court erred in denying his motion for new trial which alleged that the court erred in failing to grant the appellant ten days to prepare from the time he received a copy of his indictment. Pretrial proceedings in this cause show that appellant was previously indicted for aggravated kidnapping in Trial Cause No. 213428. On October 29, 1975, appellant was re-indicted in Trial Cause No. 247448. The only difference between the re-indictment and the previous indictment was that the present indictment specifically identified the felony that the appellant was facilitating when he abducted the victim. Appellant was apparently represented by the same trial counsel on both indictments. The record shows trial counsel's statement that he had previously filed a motion to dismiss the first indictment on July 17, 1975, although no such motion appears in the present record. The record reflects that the appellant was served with the present indictment on January 30, 1976, and that his attorney was served on February 2, 1976. This matter was brought to the trial court's attention by trial counsel who merely stated that he was prepared to proceed under Trial Court Cause No. 213428 and that all his motions had been filed under that cause number. The State responded that the appellant had sufficient notice of the charges for a considerable period of time and that he desired a speedy trial. Without further objection from appellant's trial counsel, the trial court ruled that trial would proceed under Trial Court Cause No. 237448 and the present indictment. The trial court further authorized the duplication and refiling of any motions filed under the previous Clause No. 213428 and indictment. Appellant then reurged a number of motions previously filed, obtained the trial court's ruling on them and proceeded to trial without any further objection or a motion for continuance.

First, appellant relies on Article 26.04(b), V.A.C.C.P., which provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

■ This provision of the Code only applies to appointed counsel. There is no showing in this record that appellant's trial counsel was appointed for this trial. The only evidence of indigency in the record is a pauper's oath filed *after* appellant was convicted and sentenced. Therefore, the express mandatory provisions of Article 26.-04(b), V.A.C.C.P., do not apply to the instant cause. *Banks v. State*, Tex.Cr.App., 494 S.W.2d 839. The recent case of *Johnson v. State*, 567 S.W.2d 214, (1978), is not applicable since appellant filed no motions for continuance pursuant to Article 27.12, V.A.C.C.P. Furthermore, it is clear from the representations of counsel at the pretrial hearing that he had prior familiarity with this cause and nowhere does there appear to be an allegation of surprise or harm. We therefore conclude that appellant's second ground of error is without merit and is hereby overruled.

■ Appellant's third ground of error complains of the trial court's failure to apply the law concerning the criminal responsibility of one individual for the conduct of another to the facts of appellant's cause. First, as will be demonstrated within the discussion of the next ground of error, the evidence was clearly sufficient to sustain the conviction of appellant as a primary actor alone. Thus, a charge on the law of parties was in itself unnecessary. Second, this Court's recent decision on the State's motion for rehearing in *Romo v. State*, 568 S.W.2d 298 (1978), categorically disposes of this ground of error. In the instant case no objection was interposed with respect to the court's charge to the jury as provided for under Article 36.14, V.A.C.C.P. The decision in *Romo v. State,* supra, makes it clear that a failure to apply the law of principals to the facts of the case is not such an omission that can be construed to be "calculated to injure the rights of defendant." See Article 36.19, V.A.C.C.P. Furthermore, on review of this entire record, we cannot conclude that the appellant has been denied a fair and impartial trial. Appellant's third ground of error is overruled.

Appellant finally complains that the evidence is insufficient to support his conviction. However, appellant couches his ground of error in terms that would apply when the evidence relied upon to sustain the conviction is circumstantial. Appellant's initial assumption that, because there is an instruction on circumstantial evidence in the court's charge, the State's case was necessarily predicated on circumstantial evidence is faulty. The victim of the kidnapping in the instant case rendered first-hand eyewitness testimony on appellant's participation in her abduction from the time she was forced into the assailants' automobile. Her testimony shows that on May 3, 1974, while she was four months pregnant, she was the night manager for a 7–11 store working the 12 midnight to 8 a. m. shift. At approximately 3 a. m. an automobile slowly passed by the store with two occupants and then pulled into the parking lot away from her store while she was in the front mopping up. She took down the license number of the automobile and returned to her mopping when a man approached the store from the direction of the automobile. She identified Charles Hamilton as that individual at the trial of appellant. Charles Hamilton entered the store, bought a pack of cigarettes, at which time the victim noticed him pulling a gun. She then flipped the store's silent alarm just before Charles Hamilton approached her with the gun, demanding all the money. She placed all the money in the sack, whereupon Charles Hamilton told her to get her purse, come with him, and act natural. They approached the car she had previously seen and was told to get in on the driver's side. She was then sandwiched in between appellant and Charles Hamilton. She testified that appellant, while sitting on the passenger's side, had a gun in his hand pointed at her stomach with his finger on the trigger. When she asked, "Why take me?", she received no response. After having difficulty starting the automobile, a police car arrived and Charles Hamilton told the defendant to "kill him," referring to the police officer. The appellant then shot at the police officer approximately three times

and the police officer returned fire. They then left the parking lot and a chase ensued during which the appellant shot at the police officer's automobile several times. After failing to negotiate a curve during the chase, the automobile crashed into a ditch. The witness was able to leave the vehicle, there being a police officer in front of it with his weapon drawn. She further testified that appellant made no effort to release her when she asked, "Why take me?" and that her position in the automobile precluded escape.

■ The elements required to be established by the evidence in order to sustain this conviction for aggravated kidnapping are:

(1) a person
(2) intentionally or knowingly
(3) abducts
(4) another person with intent to facilitate the commission of the felony or the flight after the attempt or commission of a felony.

See 2 Branch's Ann.P.C., Section 20.04, Page 74 (3rd Edition). V.T.C.A. Penal Code, Section 20.01(2) defines "abduct" as the restraint of a person "with intent to prevent his liberation by (B) using or threatening to use deadly force."

V.T.C.A., Penal Code, Section 20.01(1)(A) provides as follows:

" 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another, or by confining him. Restraint is 'without consent' if it is accomplished by: force, intimidation, or deception; . . . ."

■ The evidence, when viewed in a light most favorable to the jury's verdict (*Ransonette v. State*, Tex.Cr.App., 550 S.W.2d 36, 42), clearly demonstrates that appellant presented the victim with the threat of deadly force by pointing a deadly weapon at her stomach with his finger on the trigger while she was ordered to enter the car and was thereby confined between him and his companion, Charles Hamilton. It is clear that the restraint involved was effect-

ed through force and intimidation which began in the store and continued throughout the period of time the witness was confined by the appellant and his companion. The commission of the felony of aggravated robbery was established, as was the appellant's flight from the commission of that felony and his continuing efforts to aid the escape and the kidnapping of the victim. From the acts and events described by the victim, the jury was entitled to infer that the actions taken by the appellant were done intentionally or knowingly. See and compare *Smith v. State,* Tex.Cr.App., 541 S.W.2d 831.

The evidence being sufficient to sustain appellant's conviction for aggravated kidnapping, appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.