**Jimmy Doyle BUSH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–86–034–CR.**

Court of Appeals of Texas, Eastland.

Dec. 4, 1986.

Discretionary Review Dismissed Feb. 25, 1987.

---

**1.** TEX.R.CIV.P. 165a contains a six-month time limit for reinstating a case dismissed for want of prosecution.

Randell C. Riley, Richard Alley, Alley & Alley, Fort Worth, for appellant.

David K. Chapman, Special Prosecutor, Office of Dist. Atty., Fort Worth, N.A. Irsfeld, Dist. Atty., Palo Pinto, for appellee.

Opinion

RALEIGH BROWN, Justice.

This is an appeal from a conviction by jury of the offense of bribery. Punishment was assessed by the jury at confinement in the Texas Department of Corrections for a term of 25 years and a fine of $10,000. We reverse and remand.

Appellant urges 25 points of error. One point challenges the sufficiency of the evidence. In his other points, appellant contends that the court erred in failing to quash the indictment because there was no allegation that the person bribed was a public servant and that the indictment permitted the State to argue that there was no need to find that Brock Smith was a public servant. He urges eleven errors regarding the charge. Three points complain of improper jury argument by the State's attorney. He argues in other points of error that evidence of plea bargaining was improperly admitted, that the cumulation order was incorrect, and that Woolsey's statement made after she had withdrawn from the conspiracy should not have been introduced.

Appellant had been indicted for theft of a pickup truck in Cause No. 8770 in the 43rd Judicial District Court of Parker County. He was convicted and sentenced in said cause in June 1982. The judgment was reversed on appeal, and the cause was reset for trial. Mac Smith, the District Attorney of the 43rd District Court (whose brother, Brock Smith, was the District Attorney of the 271st Judicial District) offered appellant two years confinement in the penitentiary for a plea of guilty in said cause with no probation. Appellant attended a "going away" party just prior to the date set for the entry of his plea of guilty. The party was at the apartment of friends who worked at a "topless" bar. Appellant met Cindy Woolsey for the first time at the party. She told him: "I can help you out in Parker County." Brock Smith testified that he had worked with Woolsey in 1977. He was Assistant District Attorney in the 271st Judicial District at that time, and she was a secretary in that office.

On the morning after the party, Brock Smith received a telephone call at his home from Woolsey. She told him that she had spoken with appellant the night before and learned that he was about to enter a guilty

plea in a theft case in Parker County for a two year penitentiary sentence. Woolsey told Brock Smith that appellant would pay $200,000 for probation in his case. She also said she had seen appellant with $500,-000 the previous night. Brock Smith relayed such information to other law enforcement officials, arranged and met Woolsey, and had her arrange a meeting with him and appellant. Brock Smith, wired for sound, met with appellant at the appointed place. He introduced himself, as did appellant who told Brock Smith that he "hoped" the sack, containing $49,999, was for Brock Smith and that Brock Smith should do whatever he wanted with it. Appellant confirmed that his "deal" was the next day at ten o'clock. He asked if his lawyer should just "ask for a postponement, or what." Brock Smith replied in the affirmative. Appellant left and was arrested immediately.

Appellant urges that the evidence is insufficient to show: (1) that Brock Smith was a public servant; (2) that appellant offered a bribe in exchange for a probated sentence; and, (3) that Brock Smith was offered a benefit in exchange for recommending anything to Mac Smith. To make such determination, we must view the evidence in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380 (Tex.Cr.App.1984); *Bowers v. State*, 570 S.W.2d 929 (Tex.Cr.App.1978).

The evidence establishes that Brock Smith was the District Attorney of the 271st Judicial District, which did not include Parker County where the alleged bribery occurred. The appellant urges, therefore, that Brock was not a public servant.

TEX.PENAL CODE ANN. sec. 36.02 (Vernon Supp.1986) provides:

(a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

(1) any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter;

(2) any benefit as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial or administrative proceeding; or

(3) any benefit as consideration for a violation of a duty imposed by law on a public servant or party official.

(b) *It is no defense to prosecution under this section that a person whom the actor sought to influence was not qualified to act in the desired way whether because he had not yet assumed office or he lacked jurisdiction or for any other reason.*

(c) It is no defense to prosecution under this section that the benefit is not offered or conferred or that the benefit is not solicited or accepted until after.... (Emphasis added)

Section (b) refutes appellant's contention that the State was required to show that Brock Smith was a public servant in Parker County. See also *McCallum v. State*, 686 S.W.2d 132 (Tex.Cr.App.1985, en banc).

The court in *Bates v. State*, 587 S.W.2d 121 (Tex.Cr.App.1979, en banc), stated:

Where there is sufficient independent evidence to establish a conspiracy, hearsay acts and statements of a conspirator which are made during the course of and in the furtherance of the conspiracy are admissible against another conspirator. *Denney v. State*, 558 S.W.2d 467 (Tex.Cr.App.1977); *Delgado v. State*, 544 S.W.2d 929 (Tex.Cr.App.1977).

Brock Smith testified about Woolsey's original contact with him as follows:

After she gave me this explanation that the reason why she was calling was the fact that this cousin was going to receive the two year sentence down in Parker County, she told me that Jimmy Doyle Bush was willing to pay me and my brother two hundred thousand dollars if he could just get a probation, if we would arrange for him to get a probated

sentence there in Parker County, Texas, instead of going to the penitentiary.

■ The jury could conclude from such evidence that appellant offered a bribe in exchange for a probated sentence.

■ Appellant delivered to Brock Smith a sack containing $49,999. Same would be a benefit for recommending to Mac Smith that appellant receive a probated sentence. TEX.PENAL CODE ANN. sec. 36.01(5) (Vernon Supp.1986).

We overrule appellant's point of error challenging the sufficiency of the evidence.

Appellant's eighth point of error contends that the trial court erred by permitting the prosecutor to argue that Cindy Woolsey could have been presented to the jury at the guilt-innocence phase by defendant but for the fact that she would have given unfavorable testimony as to the appellant. The State urges that such argument was invited. We disagree.

Cindy Woolsey did not testify in the trial of the instant case. The State had listed her as a potential witness against appellant. Brock Smith testified as to the matters Woolsey said to him before she withdrew from the conspiracy and began to cooperate with the State. After the State rested, appellant requested a continuance until Woolsey was present to testify. The court denied the motion. Both sides then rested and closed.

Cindy Woolsey was subsequently brought to court and, outside the presence of the jury, invoked her Fifth Amendment right not to answer any questions about appellant's case. The court then ordered appellant's attorney not to mention that Woolsey had invoked the Fifth Amendment under pain of contempt. Before argument, however, the court clarified such order and agreed that counsel could argue that the State had not called Woolsey and why.

During closing argument, appellant's attorney made the following argument, which the State contends invited their subsequent argument:

> You heard Brock Smith's testimony over strenuous objection as most of the testimony has been in this case from the defense standpoint, as to certain statements made by Cindy Kissner Woolsey. You haven't seen Cindy Kissner Woolsey and the State did not call Cindy Kissner Woolsey.

> *  *  *  *  *  *

> [T]hey've got the burden of proof. They had the big buddy in Cindy Woolsey. She's their witness. She's there, she cooperated with them. She did everything they asked her to do. But wouldn't you have liked to seen and heard instead of having to go back there in that jury box and guess your way about that stripper.

The State then argued over objection that:

> Mr. Riley just told you why didn't they call Cindy Woolsey, make them explain. Well, I'm going to explain it to you, you know why, remember when y'all were all sitting out there and I said the thing that's important in this case to remember is the State and the defense have the same right to subpoena witnesses. At the same time or a little bit later on I told you in a criminal case in the State of Texas the State cannot call a defendant to the stand to testify.

> *  *  *  *  *  *

> If both sides have the subpoena power and the State cannot call a defendant, or to the stand, who should have called Cindy Woolsey. *You know why Cindy Woolsey was not called, because she would have testified to everything that Brock Smith said she would have testified.* (Emphasis added)

The record is clear that the reason Woolsey was not called was that she would claim her Fifth Amendment right. The emphasized argument of the State's attorney was outside the record, contrary to the testimony outside the presence of the jury, and bolstering to its witness, Brock Smith.

The court in *Brown v. State*, 165 Tex. Cr.R. 535, 309 S.W.2d 452 (Tex.Cr.App. 1958), said:

This Court has on many occasions condemned any effort on the part of the State to bolster the credibility of its witnesses by unsworn testimony. *Moynahan v. State,* 140 Tex.Cr.R. 540, 146 S.W.2d 376; *Gonzales v. State,* 159 Tex.Cr.R. 108, 261 S.W.2d 577; *Womack v. State,* Tex.Cr.App. [160 Tex.Cr.R. 237], 268 S.W.2d 140; *Caka v. State,* [165 Tex.Cr.R. 35], 302 S.W.2d 939.

See also *Menefee v. State,* 614 S.W.2d 167 (Tex.Cr.App.1981, en banc).

The court in *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980), said:

It is settled that the approved general areas of jury argument, within which all proper arguments must fall are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and, (4) plea for law enforcement. *Dunbar v. State,* 551 S.W.2d 382 (Tex.Cr.App.1977); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). Even when an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding. *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App.1977); *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App.1972).

We hold that the argument of which complaint is made does not fall within the approved general areas of jury argument. It excedes the scope of any invitation. Woolsey's statements were critical to the State's case. The argument was clearly outside the record and bolstering to the State's witness. Therefore, it was harmful to the appellant.

The point of error is sustained. Our holding on this point of error makes it unnecessary for us to consider the other points of error urged by appellant.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.