**Tamara SKEWES, Appellant,**

v.

**MASTERCHEM INDUSTRIES, INC., Respondent.**

**No. ED 85093.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 17, 2005.

McCaine J. Zimmer, Hillsboro, MO, for appellant.

Daniel J. Carpenter, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Tamara Skewes (Plaintiff) appeals from the judgment dismissing her petition, without prejudice,[1] based on *forum non conveniens*. In her sole point, Plaintiff argues the trial court abused it discretion in granting the motion filed by Masterchem Industries, Inc. (Defendant) to dismiss her petition because the trial court erroneously applied the *forum non conveniens* standard. We find no abuse of discretion and affirm.[2]

Plaintiff is a resident of Vancouver, British Columbia, Canada. Plaintiff alleged that while working in Canada as a painter for her employer, Edendale Restoration Limited, she was burned when a halogen lamp ignited vapors from a paint primer manufactured by Defendant. Plaintiff sustained serious injuries.

Plaintiff filed a one-count, products liability, failure-to-warn case against Defendant in the Circuit Court of Jefferson County, Missouri. Plaintiff sought compensatory and punitive damages. Defendant is a Missouri corporation with its principal place of business in Barnhart, Missouri, which is located in Jefferson County. Defendant filed a motion to dismiss Plaintiff's petition under the doctrine of *forum non conveniens*. After oral argument on the motion, the trial court

---

1. Upon this court's direction, the trial court entered a judgment of dismissal and designated it as final for purposes of appeal.

2. We draw the parties' attention to this court's recent opinion in *Natacha Chandler v. Multidata Systems International Corp., Inc.,* 163 S.W.3d 537, ——, 2005 WL 1083801 (2005), which discusses *forum non conveniens* in a similar context. In *Chandler*, this court concluded that the trial court did not abuse its discretion in dismissing Plaintiffs' petition for *forum non conveniens* on the basis that (1) Panama is an available forum; (2) Panama is an adequate forum; (3) there is no legal requirement that Defendants agree to be bound by the judgment of a foreign court before ordering dismissal; and (4) the *forum non conveniens* factors set forth in *State ex rel. Chicago, Rock Island & Pacific R.R. Co. v. Riederer,* 454 S.W.2d 36 (Mo. banc 1970) weigh in favor of dismissal.

granted Defendant's motion to dismiss. Plaintiff filed a motion to reconsider. After oral argument, the trial court denied Plaintiff's motion to reconsider. This appeal follows.

In her sole point, Plaintiff argues the trial court abused its discretion in granting Defendant's motion to dismiss based on *forum non conveniens* because the trial court erroneously applied the *forum non conveniens* standard. We disagree.

The standard of review for granting a motion to dismiss under the doctrine of *forum non conveniens* is abuse of discretion. *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 192 (Mo. banc 1992). Under the abuse of discretion standard, the trial court's decision must be affirmed unless the plaintiff can show the trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). Furthermore, on review by this court, the decision of the trial court will not be disturbed if we find (1) the relevant factors weigh in favor of applying the doctrine of *forum non conveniens,* and (2) permitting the case to be tried in Missouri would lead to an injustice because such a trial would be oppressive to the defendant or impose an undue burden on Missouri courts. *Id.*

Here, the trial court did not abuse its discretion in dismissing the case under the doctrine of *forum non conveniens.* The Missouri Supreme Court case of *Acapolon Corp. v. Ralston Purina Co.* discusses the application of *forum non conveniens* in the foreign plaintiff/foreign injury context and is directly on point.

*Acapolon* involved a foreign plaintiff suing Ralston Purina, a resident of Missouri, in Missouri state court for damages arising out of allegedly defective shrimp feed that Ralston Purina sold to plaintiff for use in Guatemala. In discussing the substantial inconvenience element of *forum non conveniens,* the court relied on the fact that the claim accrued in Guatemala, that many of the witnesses were there, that Guatemalan law would apply to the dispute, and that there was a great distance between Missouri and the site of the injury in Guatemala. *Id.* at 193. The court recognized that Ralston Purina was a Missouri resident sued in the City of St. Louis, its place of residence, but stated that "[t]he factor of residence of the defendant is not inevitably controlling," given the other factors. *Id.* It thus affirmed the dismissal. *Id.*

In determining whether the doctrine of *forum non conveniens* should be applied, the trial court uses various factors including "place of accrual of the cause of action, location of witnesses, the residence of the parties, any nexus with the place of suit, the public factor of the convenience to and burden upon the court, and the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy." *Id.* at 193 (citing *State ex rel. Chicago, Rock Island & Pacific R.R. Co.*, 454 S.W.2d at 39). These factors are not exclusive and are only to be used by courts as a guideline in exercising their discretion to apply the doctrine of *forum non conveniens.* *Anglim,* 832 S.W.2d at 303. Although the trial court is not required to consider these "non-exclusive" factors, and the Missouri Supreme Court has held that it is improper "to catalogue the circumstances" supporting *forum non conveniens* dismissal (*see Id.*), the record below nevertheless indicates that all the factors were present-

ed to the trial court and support dismissal based on *forum non conveniens.*

The first factor is the place of accrual of the cause of action. Under the first factor, Plaintiff argues that the cause of action for this case accrued in Missouri because that is where the product was designed and manufactured.[3]

■ Procedurally, *Acapolon* and the instant case are identical in that they both involve (1) foreign plaintiffs; (2) suing Missouri residents; (3) in Missouri state courts (in their home counties); (4) for damages allegedly occurring in foreign countries; (5) arising out of the use of the defendants' products sold abroad. Here, as shown by the numerous Canadian connections to this case, these factors likewise favor dismissal. Here, the accident occurred in Canada,[4] all the witnesses to the accident, the accident scene, Plaintiff's medical treatment, her employer and co-workers, and her damages were felt and incurred in Canada. Scene investigators, emergency responders, and insurance investigators were all located in Canada. In contrast, Plaintiff's only connection to Missouri is that the product was designed and manufactured in this state. Based on these facts, the trial court stated that "[i]t would, on the face of things, appear that for convenience of witnesses, and the availability of evidence, British Columbia, Canada, would be the more convenient forum."

Additionally, the trial court properly found that Canadian law would apply and

stated that "[o]bviously, it would be more convenient for their courts to apply their own substantive law, than for the Courts here in Missouri to apply British Columbia's substantive law." Under Missouri's choice of law rules, the trial court found that Canadian law will apply to this case. *Kennedy v. Dixon,* 439 S.W.2d 173, 185 (Mo.1969)(holding that the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship.) Here, based on the numerous Canadian connections to this case, the trial court correctly concluded that the law of the place of the accident controls and that Canadian law applies.

Plaintiff here did not contest the availability of a forum in Canada to hear this dispute. In fact, she specifically stated: "Plaintiffs (sic) admit that their case could be brought in another forum." Moreover, Defendant has agreed to appear in Canada, to not contest jurisdiction, and to produce its witnesses and documents there. The record reveals that Canadian courts recognize product liability causes of action in cases such as this. In the trial court, Plaintiff presented an affidavit of a Canadian lawyer stating that a product liability claim is available under Canadian law.

The trial court did not abuse its discretion in dismissing the case in favor of a Canadian forum, which it found would be more familiar with Canadian substantive law and would reduce the burden on the

---

**3.** We note that in *Acapolon,* the product was manufactured in Guatemala but designed in St. Louis, and Plaintiff's primary claim for recovery was based on products liability for the defective design of the shrimp feed. 827 S.W.2d at 192. Despite the fact that the product was designed in St. Louis, the court in *Acapolon* found Guatemala to be the more convenient forum. *Id.* at 194. The court held that "even when an American company manufactures an offending element in this

country, the facts may not justify proceeding in an American forum." *Id.* at 195.

**4.** Contrary to Plaintiff's assertion, under Missouri law, a cause of action accrues when and originates where damages are sustained and capable of ascertainment. *Elmore v. Owens–Illinois, Inc.,* 673 S.W.2d 434, 436 (Mo. banc 1984).

Missouri court and on the parties' private expenses. The trial court did not abuse its discretion in dismissing the Plaintiff's case based on the doctrine of *forum non conveniens*. Point denied.

Judgment affirmed.

PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.