AFFIRM; Opinion Filed January 2, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01330-CR

## DARIUS DESHAD LOCKHART, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-52177 Q**

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Lang

Darius Deshad Lockhart appeals his conviction for aggravated kidnapping. In two issues on appeal, Lockhart argues (1) that the evidence was insufficient to prove the aggravating element of aggravated kidnapping and (2) that the trial court erred by including a definition of reasonable doubt in the jury charge. We decide against Lockhart on both issues and affirm the trial court's judgment. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lockhart was charged in two separate indictments with the first degree felony offense of kidnapping and the first degree felony offense of aggravated robbery. He pleaded not guilty in each

case. The jury found Lockhart not guilty of aggravated robbery, but guilty of aggravated kidnapping. The jury assessed punishment at 25 years in the Institutional Division of the Texas Department of Criminal Justice.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, Lockhart argues there was "insufficient proof of the aggravating element" of his conviction for aggravating kidnapping. Lockhart refers to the indictment, which stated in part that Lockhart "did intentionally and knowingly abduct the complainant with the intent to facilitate the defendant's flight after the attempt and commission of the felony of robbery." Lockhart argues his acquittal of aggravated robbery operates as an acquittal for the lesser included offense of robbery. Therefore, Lockhart contends no rational jury could have found he kidnapped the complainant with the intent to facilitate the felony of robbery.

### A. Standard of Review

"Pursuant to the court of criminal appeals's decision in *Brooks v. State*, we must apply the *Jackson v. Virginia* standard in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Haywood v. State*, 344 S.W.3d 454, 458 (Tex. App.–Dallas 2011, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under that standard "[t]o determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 683, 686 (Tex. Crim. App. 2012) (citing *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 895. "This requires the reviewing court to defer to the jury's credibility and weight determinations because the jury is the 'sole judge' of witnesses'

credibility and the weight to be given testimony." *Id.* at 687 (citing *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899). "A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.* (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007; *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)). "When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination." *Id.* (citing *Jackson*, 442 U.S. at 326)."The reviewing court must give deference to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13 (quoting *Jackson*, 443 U.S. at 318-19)).

"Evidence is insufficient to uphold a conviction when the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense." *Garcia*, 367 S.W.3d at 687 (citing *Jackson*, 443 U.S. at 320 ("[A] 'modicum' of evidence [cannot] by itself rationally support a conviction beyond a reasonable doubt."); *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009) ("After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element.")). "If a reviewing court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal." *Id.* (citing *Tibbs v. Florida*, 457 U.S. 31 (1982)). "'[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.'" *Id.* (quoting *Malik v. State*, 953 S.W.3d 234, 240 (Tex. Crim. App. 1997) (en banc)).

## B. Applicable Law

"The elements required to be established by the evidence in order to sustain this conviction

for aggravated kidnapping are: (1) a person (2) intentionally or knowingly (3) abducts (4) another person with intent to facilitate the commission of the felony or the flight after the attempt or commission of a felony." *Bowers v. State*, 570 S.W.2d 929, 932 (Tex. Crim. App. 1978) (citing TEX. PENAL CODE ANN. § 20.04(a)(3) (West 2011)).

## C. Application of Law to Facts

Lockhart contends the verdict of not guilty on the aggravated robbery charge rendered the evidence insufficient to uphold his conviction for aggravated kidnapping. He argues "[a]n acquittal of a greater offense operates as an acquittal for all lesser included offenses" and cites *Stevens v. State* as his only authority. In *Stevens*, the Court of Criminal Appeals held "when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for a lesser included offense." *Stephens v. State*, 806 S.W.2d 812, 819 (Tex. Crim. App. 1990) (en banc).The Court of Criminal Appeals held that when a defendant was subjected to only one trial, his right under the double jeopardy clause to be free from multiple trials for the same offense is not implicated. *See Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (en banc). However, Lockhart does not argue that his conviction violates the Double Jeopardy Clause. The *Stevens* case is inapposite.

The record shows Daniel Felder testified Lockhart forced him to hand over the keys to Daniel's father's truck by pointing a gun at his chest. Daniel stated that as Lockhart entered the truck and sped off, Daniel screamed at him that Daniel's two-year-old brother Mark Felder was in the truck. The record reflects Lockhart did not attempt to stop and leave Mark in a safe place, but instead stopped to sell the truck's rims. The officer who arrested Lockhart testified that when Lockhart saw the officer approach, he immediately got back in the truck and fled with Mark still in the backseat.

By finding Lockhart guilty of aggravating kidnapping, the jury, as the trier of fact, resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences to find sufficient evidence to support the conviction of aggravated kidnapping. *See Hooper*, 214 S.W.3d at 13; *see also Bowers*, 570 S.W.2d at 932 (citing PENAL § 20.04(a)(3)). Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found the essential elements of aggravated kidnapping beyond a reasonable doubt. *See Garcia*, 367 S.W.3d at 686. Lockhart's first issue is decided against him.

### III. DEFINITION OF "REASONABLE DOUBT" IN JURY CHARGE

In his second issue, Lockhart argues the trial court erred by giving a definition of reasonable doubt in the jury charge. Lockhart specifically objects to the following language in the charge: "[I]t is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt."

#### A. Standard of Review & Applicable Law

"In reviewing charge error, we must first determine whether error exists." *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). "If we find error, we must then determine whether the error caused sufficient harm to require reversal." *Id.* (citing *Hutch*, 922 S.W.2d at 171-2).

The Court of Criminal Appeals has held it is the better practice not to define the term "reasonable doubt" in the jury charge. *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010); *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). In *O'Canas v. State*, this court stated "[w]hat constitutes proof 'beyond a reasonable doubt' is not subject to definition by the trial court because it is up to the jurors to determine whether their doubts, if any, about the defendant's guilt

are reasonable." *O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.–Dallas 2003) (pet. ref'd). This court concluded the same wording Lockhart objects to did not define reasonable doubt, but "simply state[d] the legally correct proposition that the prosecution's burden is to establish proof beyond a reasonable doubt and not all possible doubt." *O'Canas*, 140 S.W.3d at 702; *accord Bates v. State*, 164 S.W.3d 928, 931 (Tex. App.–Dallas 2005, no pet.); *Borens v. State*, No. 05-07-01516-CR, 2009 WL 998678, at *5 (Tex. App.–Dallas Apr. 15, 2009, no pet.) (mem. op., not designated for publication).

## B. Application of Law to Facts

The instruction about which Lockhart complains does not define reasonable doubt. Including it in the jury charge is not error. *See O'Canas*, 140 S.W.3d at 702; *Bates*, 164 S.W.3d at 931; *Borens*, 2009 WL 998678, at *5. Lockhart's second issue is resolved against him.

## IV. CONCLUSION

The evidence is legally sufficient to support Lockhart's conviction. Also, the trial court did not err when it included the instruction in its jury charge. The trial court's judgment is affirmed.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111330F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DARIUS DESHAD LOCKHART,
Appellant

No. 05-11-01330-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-52177 Q).
Opinion delivered by Justice Lang, Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered January 2, 2013.


_____
DOUGLAS S. LANG
JUSTICE