# NO. 12-14-00201-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CEDRICK BERNARD LEWIS,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cedrick Bernard Lewis appeals his conviction for twenty counts of attempted aggravated kidnapping and one count of unauthorized use of a motor vehicle. In his sole issue, Appellant contends the indictment was constitutionally deficient and did not vest the trial court with jurisdiction. We affirm.

### BACKGROUND

On the morning of December 18, 2012, Appellant was involved in an altercation during which the police were called. In his attempt to leave the premises, he jumped on a public school bus that was stopped at a bus stop and attempted to drive it away. He was detained and arrested.

Appellant was indicted for one count of unauthorized use of a motor vehicle for trying to drive the bus away and one count of aggravated kidnapping for each child on the bus at the time. The jury found Appellant guilty of unauthorized use of a motor vehicle and twenty counts of the lesser included offense of attempted aggravated kidnapping. In accordance with the jury's assessment of punishment, the trial court rendered judgment sentencing Appellant to two years of confinement in a state jail facility for unauthorized use of a motor vehicle and eighty years of imprisonment on each count of attempted aggravated kidnapping. Additionally, the court assessed a $10,000.00 fine for each of the twenty-one counts.

INDICTMENT

In his sole issue, Appellant asserts that the indictment did not allege any offense and therefore the trial court did not have jurisdiction. He argues that the indictment does not constitutionally charge the commission of aggravated kidnapping due to the inclusion of the word "or" between the definition of "restrain" and one of the means by which a person can be restrained.

**Applicable Law**

The Texas Constitution requires that, unless waived by the defendant, the State must obtain a grand jury indictment in a felony case. TEX. CONST. art. I, § 10. The presentment of an indictment invests the court with jurisdiction of the case. TEX. CONST. art. V, § 12(b); *Teal v. State*, 230 S.W.3d 172, 174-75 (Tex. Crim. App. 2007). To constitute an indictment vesting a court with jurisdiction, the charging instrument must charge (1) a person, and (2) the commission of an offense. *Teal*, 230 S.W.3d at 179. If the allegations in the instrument are clear enough that one can identify the offense alleged, then the instrument charges the commission of an offense. *Id*. at 180. An instrument can charge the commission of an offense even if it fails to allege an element of the offense. *Id*. at 181.

The essential elements of aggravated kidnapping as charged in this case are (1) a person (2) intentionally or knowingly (3) abducts (4) another person with intent to facilitate the commission of a felony or the flight after the attempt or commission of a felony. TEX. PENAL CODE ANN. § 20.04(a)(3) (West 2011); *Bowers v. State*, 570 S.W.2d 929, 932 (Tex. Crim. App. [Panel Op.] 1978). "Abduct" means to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found. TEX. PENAL CODE ANN. § 20.01(2)(A) (West 2011). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. TEX. PENAL CODE ANN. § 20.01(1) (West 2011).

**Analysis**

The indictment alleged that Appellant "did then and there with the intent to facilitate the commission of a felony, to wit: Unauthorized Use of A Motor Vehicle, or to facilitate the flight after the attempt or commission of said felony, intentionally or knowingly abduct [the person]." Thus, the indictment contains all necessary elements of the offense of aggravated kidnapping. *Bowers*, 570 S.W.2d at 932. Because the indictment charges Appellant with the commission of

2

an offense, the trial court had jurisdiction over the case. TEX. CONST. art. V, § 12(b); *Teal*, 230 S.W.3d at 180.

Appellant argues that inclusion of the word "or" between the definition of "restrain" and one of the means by which a person can be restrained causes the indictment to fail to allege the offense of aggravated kidnapping. We disagree. We will address the argument in spite of Appellant's failure to raise the complaint in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) (providing that a defendant must object to errors in the form or substance of an indictment before the date on which the trial on the merits commences).

The complained-of portion of the indictment alleged that Appellant did

> intentionally or knowingly abduct [the person] by restricting the movements of said [person] without her consent so as to interfere substantially with her liberty, by moving her from one place to another, confining her, with the intent to prevent her liberation, *or* by secreting or holding her in a place where she was not likely to be found.

The indictment combines the language of Penal Code subsections 20.01(1) and 20.01(2)(A). These two subsections define the words "restrain" and "abduct." TEX. PENAL CODE ANN. § 20.01(1), (2)(A). However, the indictment adds the word "or" between "prevent her liberation" and "by secreting or holding her." Included in the definition of "abduct," secreting and holding are modes of restraining the abducted person. They are not elements of the offense. *See id*. § 20.01(2)(A). The extra "or" does not cause the allegations in the indictment to become so unclear that one cannot identify the offense alleged. *See Teal*, 230 S.W.3d at 180. The inadvertent addition of an extra "or" in the portion of the indictment that describes how Appellant committed the offense does not cause the indictment to fail to allege the offense. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 22, 2015

NO. 12-14-00201-CR

**CEDRICK BERNARD LEWIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31189)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*