

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 12, 2016

Ms. Jennifer D. Robison
Brown County Auditor
200 South Broadway
Brownwood, Texas 76801

Opinion No. KP-0121

Re: Authority of county attorneys regarding payments made in conjunction with pretrial diversion agreements (RQ-0111-KP)

The Honorable Shane Britton
Brown County Attorney
Brown County Courthouse
200 South Broadway
Brownwood, Texas 76801

Dear Ms. Robison and Mr. Britton:

You both ask questions about the Brown County Attorney's authority to accept "gifts and grants" under section 45.125 of the Government Code in conjunction with pretrial diversion agreements, and the proper handling of such funds so received.[1] *See* TEX. GOV'T CODE § 45.125. A pretrial diversion agreement is an agreement whereby the State agrees to postpone the trial date while an accused performs certain conditions and, if the accused successfully completes the conditions, to dismiss the charges. *Fischer v. State*, 832 S.W.2d 641, 643–44 (Tex. App.— Corpus Christi 1992, no writ). Pretrial diversion programs are also referred to as pretrial intervention programs. *See In re R.B.*, 361 S.W.3d 184, 189 n.5 (Tex. App.—El Paso 2012, pet. denied); Tex. Att'y Gen. Op. No. GA-0114 (2003) at 2 & n.2. While they differ about specific facts, both request letters state that the county attorney's office has entered into pretrial diversion agreements requiring an accused to make a "donation" to the office, and that funds have been transferred from the donation account to the hot-check fund and used to compensate employees of the office. Auditor Request Letter at 3–4; Cty. Att'y Request Letter at 9, 12–14. The Auditor Request Letter first asks whether section 45.125 of the Government Code authorizes the Brown County Attorney to agree with an accused "in misdemeanor criminal cases to refrain from prosecuting a violation of law if the [accused] agrees to 'donate' or otherwise pay money to the

---

[1] *See generally* Letter & Brief from Ms. Jennifer D. Robison, Brown Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. (June 14, 2016), ("Auditor Request Letter"); Letter from Honorable Shane Britton, Brown Cty. Att'y, to Ken Paxton, Tex. Att'y Gen. (July 28, 2016) ("Cty. Att'y Request Letter"), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs.

Brown County Attorney as part of pretrial diversion agreements with his office." Auditor Request Letter at 1.[2]

Prosecuting attorneys may accept gifts and grants only as authorized by statute. Tex. Att'y Gen. Op. No. GA-0562 (2001) at 2 (noting that commissioners courts are authorized to receive gifts and grants for prosecutorial purposes). Section 45.125 of the Government Code provides:

> The county attorney of Brown County or the Commissioners Court of Brown County may accept gifts or grants from any individual, partnership, corporation, trust, foundation, association, or governmental entity for the purpose of financing or assisting the operation of the office of county attorney in Brown County. The county attorney shall account for and report to the county auditor all gifts and grants accepted under this section.

TEX. GOV'T CODE § 45.125. The statute does not define "gifts or grants." The ordinary meaning of a gift is "a voluntary transfer of property to another made gratuitously and without consideration." *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied); *see also Pankhurst v. Weitinger & Tucker*, 850 S.W.2d 726, 730 (Tex. App.—Corpus Christi 1993, writ denied) (stating that a "[l]ack of consideration is an essential characteristic of a gift such that an exchange of consideration precludes a gift"). The word "grant" has several common meanings, including a gift for a particular purpose or a conveyance or transfer of property or rights.[3]  A monetary payment in exchange for a promise to dismiss criminal charges may constitute an exchange of consideration that is not consistent with the ordinary meanings of either "gift" or "grant." Further, even assuming that a gift or grant may include contractual consideration, section

---

[2]The Auditor Request Letter suggests that the pretrial diversion agreements may contravene certain penal statutes. Auditor Request Letter at 9. Without reference to the facts alleged in the letter, the payment of money by an accused in exchange for a prosecuting attorney's favorable treatment in a criminal matter involving the accused can in some circumstances constitute a violation of section 36.02 of the Penal Code. *See* TEX. PENAL CODE § 36.02(a)(2); *Bush v. State*, 722 S.W.2d 41, 44 (Tex. App.—Eastland 1986, pet. granted) (holding that payment of cash to a district attorney in exchange for a probated sentence constitutes bribery under section 36.02), *aff'd*, 773 S.W.2d 297 (Tex. Crim. App. 1989). Also, a prosecuting attorney's acceptance of such a payment in particular circumstances could constitute a violation of section 36.08. *See* TEX. PENAL CODE § 36.08 ("Gift to Public Servant by Person Subject to His Jurisdiction"). However, whether a crime has occurred in specific circumstances is a question of fact that cannot be resolved in the opinion process. Tex. Att'y Gen. Op. No. GA-0956 (2012) at 3.

[3]*See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 545 (11th ed. 2004) (definitions including "1: the act of granting 2: something granted; *esp.* : a gift (as of land or money) for a particular purpose 3a: a transfer of property by deed or writing); NEW OXFORD AM. DICTIONARY 756 (3d ed. 2010) (definitions including "a sum of money given by an organization, *esp.* a government, for a particular purpose[;] a legal conveyance or formal conferment"); *see also Traylor v. State*, 36 S.W.2d 506, 507 (Tex. Crim. App. 1930) (stating that as a verb, "'[g]rant' means 'to bestow; to confer'").

45.125 does not address pretrial intervention agreements or the county attorney's authority to condition dismissal of criminal charges on the accused's payment of money to the county attorney.

Other statutes regulate aspects of pretrial intervention agreements. Section 76.011 of the Government Code authorizes a community supervision and corrections department ("Department") to operate a program for "the supervision and rehabilitation of persons in pretrial intervention programs." TEX. GOV'T CODE § 76.011(a). A defendant participating in such a program may be required to pay to the court a Department supervision fee in an amount not more than $60 per month and a payment for certain other expenses. TEX. CODE CRIM. PROC. art. 102.012(a)–(b). Separately, article 102.0121 of the Code of Criminal Procedure provides for another fee related to a pretrial intervention program:

> (a) A district attorney, criminal district attorney, or county attorney may collect a fee in an amount not to exceed $500 to be used to reimburse a county for expenses, including expenses of the district attorney's, criminal district attorney's, or county attorney's office, related to a defendant's participation in a pretrial intervention program offered in that county.

> (b) The district attorney, criminal district attorney, or county attorney may collect the fee from any defendant who participates in a pretrial intervention program administered in any part by the attorney's office.

> (c) Fees collected under this article shall be deposited in the county treasury in a special fund to be used solely to administer the pretrial intervention program. An expenditure from the fund may be made only in accordance with a budget approved by the commissioners court.

*Id.* art. 102.0121. By expressly authorizing a prosecutorial fee for a pretrial intervention agreement, limiting its amount, and restricting its use to the prosecuting attorney's pretrial intervention expenses, article 102.0121 precludes requiring additional prosecutorial payments for pretrial intervention no matter how they are characterized. *See United Servs. Auto. Ass'n v. Brite,* 215 S.W.3d 400, 403 (Tex. 2007) (explaining the doctrine of statutory construction that an express inclusion of one thing excludes other things not expressly included). A court would likely conclude that section 45.125 of the Government Code does not authorize the Brown County Attorney's office to require an accused to pay an amount to that office as a condition of a pretrial intervention agreement in excess of or in addition to the fee authorized by article 102.0121 of the

Code of Criminal Procedure.[4] *See* Tex. Att'y Gen. Op. No. JC-0042 (1999) at 1 (stating that "[a]lthough a prosecutor has broad discretion to refrain from prosecuting a violation of the law that occurs within his or her jurisdiction, a prosecutor may not require an offender to contribute money to a public or private entity in consideration of the prosecutor's decision not to prosecute").

The Auditor's Request Letter asks whether a judge may order "defendants in misdemeanor criminal cases to make 'donations' to the Brown County Attorney as part of a pretrial diversion agreement with his office." Auditor Request Letter at 1. Section 103.021(22) of the Government Code authorizes a court to order a defendant to pay pretrial intervention program administrative fees under article 102.0121 of the Code of Criminal Procedure. *See* TEX. GOV'T CODE § 103.021(22); TEX. CODE CRIM. PROC. art. 102.0121. We are not aware of any statute that would authorize a criminal court to order a defendant to make a gift or grant under section 45.125 of the Government Code.

The County Attorney's Request Letter asks what expenditures are "appropriate" (*i.e.*, authorized) for funds received under section 45.125 of the Government Code and under article 102.0121 of the Code of Criminal Procedure. Cty. Att'y Request Letter at 15. Section 45.125 authorizes the Brown County Attorney to receive gifts and grants only "for the purpose of financing or assisting the operation of the office of county attorney in Brown County" and thus the authority to expend the funds is limited to the stated purpose. TEX. GOV'T CODE § 45.125. The fee in article 102.0121 is for expenses of a prosecuting attorney's office "related to a defendant's participation in a pretrial intervention program offered in that county," and may be expended "only in accordance with a budget approved by the commissioners court." TEX. CODE CRIM. PROC. art. 102.0121(a), (c); *see also* Tex. Att'y Gen. Op. No. GA-1039 (2014) at 2 (discussing the propriety of expenditures under art. 102.0121).

The County Attorney's Request Letter further asks "[w]ho has the ultimate authority or control of the disposition of" the gifts and grants received under section 45.125 of the Government Code and whether such funds should be placed in the county's general fund or a separate donation fund. Cty. Att'y Request Letter at 15. Section 45.125 does not address the control or disposition of gifts and grants, except that the county attorney must "account for and report to the county auditor all gifts and grants accepted." *See* TEX. GOV'T CODE § 45.125. Generally, an officer who receives funds belonging to the county must deposit the funds with the county treasurer, who "shall deposit the money in the county depository in the proper fund to the credit of the person or department collecting the money." TEX. LOC. GOV'T CODE § 113.021(b). The county attorney has not been expressly authorized to make expenditures from a section 45.125 donation fund, unlike the authority granted to an attorney under chapter 102 of the Code of Criminal Procedure to administer the hot-check fund and make expenditures at the attorney's sole discretion. *See* TEX.

---

[4]The County Attorney's Request Letter cites to legislative history of section 45.125 to argue that the purpose of granting additional authority to receive gifts and grants was to transfer some of the expense of the county attorney's office from the taxpayers to "Brown County offenders" as part of a pretrial intervention program. Cty. Att'y Request Letter at 7–8. However, "the intent of the Legislature is derived from the language it finally enacted," not from statements made during the legislative process. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 453 (Tex. 2012).

CODE CRIM. PROC. art. 102.007(f). While the issue is one of first impression, a court would likely conclude that the commissioners court, as the county's budgetary body, is responsible for the approval of expenditures from gifts and grants received under section 45.125 of the Government Code. *See* TEX. GOV'T CODE § 45.125; TEX. LOC. GOV'T CODE §§ 111.0706 (requiring a commissioners court to adopt a special budget for spending "grant or aid money for its intended purpose"), 113.041(a) (commissioners court's approval of disbursements); *Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. App.—El Paso 1993, no writ) ("Generally, the allocation of county funds is a policy-making determination left to the sound discretion of the commissioners court.").

Finally, both request letters ask whether gifts and grants received under section 45.125 of the Government Code may be transferred to and comingled with the county attorney's hot-check fund established pursuant to chapter 102 of the Code of Criminal Procedure. Auditor request Letter at 1; Cty. Att'y Request Letter at 15. The commissioners court possesses authority to transfer amounts between budget items by budget amendment. *See* TEX. LOC. GOV'T CODE § 111.070(c). But while amounts in the hot-check fund and the account for county attorney gifts and grants serve similar purposes, they are subject to different statutory requirements. Under article 102.007 of the Code of Criminal Procedure, fees for collecting and processing a check or other similar sight order are to be segregated in a special fund, expended at the prosecuting attorney's sole discretion, and "used only to defray the salaries and expenses of the prosecutor's office" other than the prosecuting attorney's own salary. TEX. CODE CRIM. PROC. art. 102.007(f). Gifts and grants under section 45.125 of the Government Code are also to be used for the operations of the Brown County Attorney's office but, as noted above, expenditures are likely subject to commissioners court approval. We are not aware of any statute that authorizes the comingling of funds of a different character. Accordingly, a court would likely conclude that a county is not authorized to comingle gifts or grants received under section 45.125 of the Government Code with the special fund under article 102.007 of the Code of Criminal Procedure.

## S U M M A R Y

Section 45.125 of the Government Code authorizes the Brown County Attorney to receive gifts and grants limited to the purpose of financing or assisting the operation of the attorney's office. A court would likely conclude that section 45.125 does not authorize the Brown County Attorney's office to require an accused to pay an amount to that office as a condition of a pretrial intervention agreement in addition to or in excess of the fee authorized by article 102.0121 of the Code of Criminal Procedure. No statute authorizes a criminal court to order a defendant to pay a gift or grant under section 45.125 of the Government Code.

Gifts or grants received under section 45.125 of the Government Code are limited to financing or assisting the operation of the Brown County Attorney's office. The fee authorized by article 102.0121 of the Code of Criminal Procedure may be used only for the expenses of a prosecuting attorney's office related to a defendant's participation in a pretrial intervention program offered in that county.

The county commissioners court has ultimate authority over the disposition of funds received under section 45.125 of the Government Code. Funds received under that statute may not be comingled with or transferred to the hot-check fund established under article 102.007 of the Code of Criminal Procedure.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee